[No. 45798-5-I.  Division One.  July 2, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. JASON LAZAGE WESTLING, *Appellant*.

*Suzanne Lee Elliott*, for appellant.

*James H. Krider*, *Prosecuting Attorney*, and *David F. Thiele*, *Deputy*, for respondent.

COLEMAN, J. — Jason Lazage Westling appeals his convictions for three counts of second degree arson, contending that these convictions violate the constitutional prohibition against double jeopardy. Under the language of the second degree arson statute, separate counts of second degree arson are appropriate for each person damaged by a fire against whom malice is provable. In this case, it is undisputed that Westling knowingly and maliciously caused a fire that damaged three cars owned by three different people. Accordingly, we affirm his convictions for three counts of second degree arson.

## STATEMENT OF FACTS

In the parking lot of a high school, a car owned by a teacher was fully engulfed in flames. One car parked nearby was burning and another nearby car was damaged by the heat. These three cars were owned by three different people. The teacher who owned the car that was fully engulfed in flames suspected the fire had been set by a student to whom she had given an "incomplete." That student told police that her boyfriend, Jason Westling, set fire to the teacher's car because he knew that she was upset with the teacher. The police ultimately arrested Westling and read him his *Miranda* warnings. *Miranda v. Arizona*,

384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3d 974 (1966). Westling asked to speak to a lawyer. A police officer gave Westling the phone book and the number for the public defender, but Westling did not call a lawyer. Instead, Westling confessed, telling police that he slit open the convertible top of the teacher's car, threw in a bottle containing gasoline and oil, and lit a match. Westling explained that he did so because the teacher gave his girl friend an "incomplete."

The State charged Westling with three counts of second degree arson. Before trial, the trial court determined that Westling's confession was voluntary and therefore denied Westling's motion to suppress. A jury found Westling guilty as charged and the trial court imposed concurrent sentences of 15 months on each count. Westling appeals.[1]

## DISCUSSION

Westling asks us to decide this case on double jeopardy grounds and does not challenge the sufficiency of the evidence against him on any of the counts. He argues that his convictions for three counts of second degree arson violate the prohibition against double jeopardy because only one fire was set. In response, the State maintains that Westling's convictions do not violate double jeopardy because the fire damaged three cars owned by three different people.

■ Under the facts presented here, to determine if convictions for multiple violations of the same statute violate the constitutional prohibition against double jeopardy, the proper inquiry is " 'what "unit of prosecution" has the Legislature intended as the punishable act under the specific criminal statute.' " *State v. Tili*, 139 Wn.2d 107, 113, 985 P.2d 365 (1999) (quoting *State v. Adel*, 136 Wn.2d 629, 634, 965 P.2d 1072 (1998)). "Although unit of prosecution

---

[1] In the unpublished portion of this opinion, we address Westling's challenge to the admissibility of statements he made to police and conclude that the record supports the trial court's determination that those statements were voluntary and admissible.

cases are of constitutional dimension, they are resolved by questions of statutory interpretation and legislative intent." *In re Personal Restraint of Davis*, 142 Wn.2d 165, 172, 12 P.3d 603 (2000). "[E]ven where the Legislature has expressed its view on the unit of prosecution, the facts in a particular case may reveal more than one 'unit of prosecution' is present." *State v. Bobic*, 140 Wn.2d 250, 266, 996 P.2d 610 (2000).

■ The second degree arson statute provides, in part:

> A person is guilty of arson in the second degree if he [or she] knowingly and maliciously causes a fire or explosion which damages a building, or any structure or erection appurtenant to or joining any building, or any wharf, dock, machine, engine, automobile, or other motor vehicle, watercraft, aircraft, bridge, or trestle, or hay, grain, crop, or timber, whether cut or standing or any range land, or pasture land, or any fence, or any lumber, shingle, or other timber products, or any property.

RCW 9A.48.030(1). Malice is statutorily defined as "import-[ing] an evil intent, wish, or design to vex, annoy, or injure another person." RCW 9A.04.110(12). That statute permits a trier of fact to infer malice "from an act done in wil[l]ful disregard of the rights of another." RCW 9A.04.110(12). In addition, "Washington courts have repeatedly construed the word 'any' to mean 'every' and 'all.' " *State v. Smith*, 117 Wn.2d 263, 271, 814 P.2d 652 (1991) (footnote omitted).

■ Westling argues that the "unit of prosecution" for second degree arson is "a fire." Initially, Westling's argument that one fire gives rise to only one count of second degree arson is appealing. This argument, however, does not withstand careful analysis. The Legislature's inclusion of the malice element demonstrates its focus on damage done with an evil intent, wish, or design to vex, annoy, or injure another person. Thus, if it can be established that the defendant acted with malice toward multiple victims, multiple counts of arson would be warranted even though the damage resulted from a single fire. We conclude, therefore, that separate counts of second degree arson are appropriate for each person damaged by a fire against whom malice is provable.

In this case, Westling does not challenge the sufficiency of the State's evidence on any of the counts. While we need not address this issue, we nonetheless note that a trier of fact could arguably find malice on each count based on Westling's willful disregard of the rights of the owners of the nearby cars, given the proximity of the cars to the fire. *See* RCW 9A.04.110(12). Westling's convictions for three counts of second degree arson are affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

KENNEDY and ELLINGTON, JJ., concur.

Review granted at 145 Wn.2d 1007 (2001).