40 P.3d 669 (2002)
STATE of Washington, Respondent,
v.
Jason Lazage WESTLING, Petitioner.
No. 71417-7.
Supreme Court of Washington, En Banc.
Argued February 12, 2002.
Decided February 21, 2002.
*670 Suzanne Lee Elliott, Seattle, for Petitioner.
James Krider, Snohomish County Prosecutor, Seth Aaron Fine, Deputy County Prosecutor, for Respondent.
MADSEN, J.
Defendant Jason Westling contends that his convictions for three counts of second degree arson violate the prohibition against double jeopardy. We agree and reverse the Court of Appeals.

FACTS
A teacher gave defendant's girl friend an "incomplete." The teacher's car, parked in a high school parking lot, was set on fire and burned. The fire resulted in damage to two other nearby cars owned by other teachers. Westling's girl friend told police that Westling set the fire, and he was arrested and charged with three counts of second degree arson. A jury found Westling guilty on each count, and the trial court imposed concurrent sentences of 15 months on each count.
Westling appealed, and argued that his three convictions violate the prohibition against double jeopardy because he set only one fire. The State contended, however, that the three convictions were proper because the fire damaged three cars owned by three different individuals. The Court of Appeals agreed, holding that under RCW 9A.48.030(1) separate counts of second degree arson are proper for "each person damaged by a fire against whom malice is provable." State v. Westling, 106 Wash.App. 884, 887-88, 26 P.3d 302, review granted, 145 Wash.2d 1007, 37 P.3d 290 (2001).

ANALYSIS
The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb." U.S. Const. amend. 5. The Washington State Constitution provides that "[n]o person shall be *671 ... twice put in jeopardy for the same offense." Const. art. I, § 9. Washington's clause provides the same protection as the federal clause. In re Pers. Restraint of Davis, 142 Wash.2d 165, 171, 12 P.3d 603 (2000).
Double jeopardy principles protect a defendant from being convicted more than once under the same statute if the defendant commits only one unit of the crime. State v. Add, 136 Wash.2d 629, 634, 965 P.2d 1072 (1998). Thus, when a defendant is convicted of multiple violations of the same statute, the double jeopardy question focuses on what "unit of prosecution" the Legislature intends as the punishable act under the statute. In re Pers. Restraint of Davis, 142 Wash.2d at 172, 12 P.3d 603; State v. Tili, 139 Wash.2d 107, 113, 985 P.2d 365 (1999); Add, 136 Wash.2d at 634, 965 P.2d 1072. This question is resolved by examining the relevant statute in order to ascertain what the Legislature intended. In re Pers. Restraint of Davis, 142 Wash.2d at 172, 12 P.3d 603; Adel, 136 Wash.2d at 634, 965 P.2d 1072. The meaning of a plain, unambiguous statute must be derived from the language in the statute. Tili, 139 Wash.2d at 115, 985 P.2d 365.
RCW 9A.48.030(1) provides that
[a] person is guilty of arson in the second degree if he [or she] knowingly and maliciously causes a fire or explosion which damages a building, or any structure or erection appurtenant to or joining any building, or any wharf, dock, machine, engine, automobile, or other motor vehicle, watercraft, aircraft, bridge, or trestle, or hay, grain, crop, or timber, whether cut or standing or any range land, or pasture land, or any fence, or any lumber, shingle, or other timber products, or any property.
Thus, in relevant part, one is guilty if he or she "knowingly and maliciously causes a fire or explosion which damages ... any ... automobile." RCW 9A.48.030(1).
The Court of Appeals concentrated its analysis on the mental element of "malice," stating that inclusion of the malice element shows the Legislature's focus on damage done with "`an evil intent, wish, or design to vex, annoy, or injure another person.'" Westling, 106 Wash.App. at 887, 26 P.3d 302 (quoting RCW 9A.04.110(12)). The court therefore reasoned that if the State establishes malice toward multiple victims, multiple counts of arson are proper even if only one fire is set. Id.
The word "maliciously" in the statute refers, along with "knowingly," to the causing of "a fire or explosion." It thus imports an "evil" mental element to the causing of a fire, precluding a conviction where there is intentionally innocent destruction of property, see State v. Spino, 61 Wash.2d 246, 377 P.2d 868 (1963), or, for example, where one knowingly and intentionally starts a fire by lighting a campfire or a fire in a fireplace that unfortunately gets out of control and damages property. Thus, contrary to the Court of Appeals' analysis, the focus of the second degree arson statute is not on the number of victims whose property is damaged. Additionally, RCW 9A.48.030(1) does not speak in terms of the number of victims, nor does it refer to the value, amount or ownership of the property damaged. Instead, the injury is stated only in terms of property damage.[1]
More importantly, the statute refers, in relevant part, to the causing of "a fire" that damages "any automobile." "Any" means "every" and "all." State v. Smith, 117 Wash.2d 263, 271, 814 P.2d 652 (1991). Thus, under the plain language of the statute, one conviction is appropriate where one fire damages multiple automobiles, i.e., by use of the word "any" the statute speaks in terms of "every" and "all" automobiles damaged by the one fire.[2]
*672 Once the unit of prosecution is determined, a factual analysis is necessary to decide whether, under the facts of the case, more than one unit of prosecution is present. State v. Bobic, 140 Wash.2d 250, 266, 996 P.2d 610 (2000). Multiple convictions are proper only where the facts of the case support multiple units of prosecution committed. Id. Here, Westling caused a single fire that resulted in damage to three vehicles. Because he set only one fire that damaged three vehicles, there is factually only one unit of prosecution.
Westling's multiple convictions violate the prohibition against double jeopardy. The Court of Appeals is therefore reversed, and this matter is remanded for resentencing on one count of second degree arson.
ALEXANDER, C.J., SMITH, JOHNSON, SANDRA, IRELAND, BRIDGE, CHAMBERS and OWENS, JJ., concurring.
NOTES
[1] The statute thus departs from the common law definition of "arson," i.e., "the malicious and voluntary or willful burning of another's house, or dwelling house, or outhouse appurtenant to or a parcel of the dwelling house or within the curtilage." 5 Am.Jur.2d Arson and Related Offenses § 1, at 781 (1995) (footnotes omitted). At common law, the offense was "against the security of habitation or occupancy, rather than against ownership or property." Id. at 782.
[2] The word "any" must necessarily be read in the context of the rest of the relevant statutory language, and often will not, by itself, disclose the meaning of a statute. Here, the entire context includes the reference to "a fire.