208 P.3d 1174 (2009)
STATE of Washington, Respondent,
v.
Donnie W. DURRETT, Appellant.
No. 60728-6-I.
Court of Appeals of Washington, Division 1.
June 1, 2009.
*1175 Maureen Marie Cyr, Washington Appellate Project, Seattle, WA, for Appellant.
Erin S. Norgaard, King County Prosecuting Attorney, Seattle, WA, for Respondent.
AGID, J.
¶ 1 Donnie Durrett, a convicted sex offender, failed to report weekly to the King County sheriff during the period November 6, 2006 through November 17, 2006, and during the period December 6, 2006, through January 23, 2007. A jury found him guilty of two counts of failure to register as a sex offender. We agree with Durrett that the two convictions violate double jeopardy because they involve only one unit of prosecution. We also agree that under our recent decision in State v. Linerud,[1] Durrett's sentence violated the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, because the combined period of incarceration and community custody exceeded the statutory maximum. None of the issues raised in Durrett's statement of additional grounds for review has merit. We remand for resentencing on a single count of failure to register as a sex offender and entry of a sentence consistent with Linerud.

FACTS
¶ 2 Appellant Durrett has been registered as a sex offender with the King County Sheriff's Office since October 2004. Because he has no fixed residence, Durrett must also report weekly to the sheriff's office.
¶ 3 When Durrett was last released from jail on October 23, 2006, he reported to the sheriff's office on October 23, 2006, and again the following week of October 30, 2006. Durrett failed to report during the weeks of November 6 and November 13, 2006. He reported during the weeks of November 20 and November 27, 2006, and then did not report again until he was arrested on January 22, 2007.
¶ 4 The State charged Durrett with one count of failure to register as a sex offender, alleging that he failed to report weekly from December 6, 2006, through January 22, 2007. After the trial ended in a hung jury, the State amended the information to add a second count of failure to register, alleging that Durrett failed to report weekly from November 6, 2006 through November 17, 2006. On retrial, the jury found Durrett guilty as charged of both counts. At sentencing, the court imposed concurrent standard range terms of 43 months and community custody of 36 to 48 months. The court placed a handwritten notation on the judgment and sentence specifying that "[t]he total term of incarceration and community custody cannot exceed a combined term of 60 months."

DISCUSSION
¶ 5 Durrett contends that his conviction for two counts of failure to register as a sex offender violated double jeopardy because his failure to report weekly during the two charged time periods constituted only a single criminal act or one "unit of prosecution." The State responds that the legislature unambiguously specified that each weekly failure to report is a distinct and separate statutory *1176 violation that may be separately charged. Presumably, under this approach, the State could have charged Durrett with up to 10 counts of failure to register for the period from November 6, 2006, through January 23, 2007.
¶ 6 The double jeopardy provisions of both the state and federal constitutions prohibit multiple convictions under the same statute if the defendant has committed only "one unit of the crime."[2] Ultimately, the primary purpose of unit of prosecution analysis is to determine the legislature's intent under the specific criminal statute.[3] In undertaking this analysis, the court looks first to the plain language of the statute and, if necessary, to the legislative history.[4] "If a statute does not clearly and unambiguously identify the unit of prosecution, then we resolve any ambiguity under the rule of lenity to avoid `turning a single transaction into multiple offenses.'"[5] Appellate review of the unit of prosecution is de novo.[6] A double jeopardy challenge may be raised for the first time on appeal.[7]
¶ 7 Former RCW 9A.44.130 (2006) imposes on specified sex offenders a general duty to register with the sheriff of the county in which they live.[8] In addition, the statute sets forth in great detail the various procedures and reporting requirements that offenders must follow, once registered, in order to remain in compliance, or if they move or become homeless.[9] Failure to register within the time required is a per se violation.[10]
¶ 8 Durrett, who was properly registered with the King County sheriff, failed to comply with former 9A.44.130(6)(b), which requires offenders who have no fixed residence to "report weekly, in person, to the sheriff of the county where he or she is registered." He was then charged under former RCW 9A.44.130(11)(a), which provides that "[a] person who knowingly fails to comply with any of the requirements of this section is guilty of a class C felony."[11]
¶ 9 The State reasons that because "weekly" means once a week, the plain language of the statute defines each weekly failure to report as a separate and distinct violation of the statute. Durrett, pointing primarily to provisions in former RCW 9A.44.140 (2006), argues that failure to register is an ongoing single offense that does not terminate until certain statutory events occur. But neither the State nor Durrett offers any meaningful analysis of what legislative intent can be gleaned from the primary operative language of the charged offense: "knowingly fails to comply with any of the requirements of this section."
¶ 10 Our Supreme Court has recently emphasized the difficulty in determining legislative intent as to unit of prosecution from the definition of "any." In State v. Sutherby,[12] the court determined the unit of prosecution for possession of child pornography, which required it to consider whether possession of "any photograph" supports prosecution for each separate photograph.[13]
¶ 11 In reaching its decision, the court noted that the word "any" has "multiple, *1177 conflicting definitions," including both "one" and "all," and then reviewed the broad construction given the word "all" in prior decisions. Consistent with the broad meaning of "all" and the rule of lenity, the court concluded that the "any photograph" language supported only a single count, regardless of the number of images possessed:
Given the context of the language used in the child pornography statute, and our repeated construction of "any" as including "every" and "all," we hold that the proper unit of prosecution under former RCW 9.68A.070 is one count per possession of child pornography, without regard to the number of images comprising such possession or the number of minors depicted in the images possessed.[[14]]
¶ 12 The Sutherby court also pointed to the decision in State v. Westling[15] as particularly instructive. In Westling, the court concluded that the second degree arson statute, which prohibited the causing of "`a fire'" that damages "`any automobile,'" provided for only one conviction for a fire that damaged multiple cars, noting that "one conviction is appropriate where one fire damages multiple automobiles, i.e., by use of the word `any' the statute speaks in terms of `every' and `all' automobiles damaged by the one fire."[16]
¶ 13 Former RCW 9A.44.130(11)(a) criminalizes a violation of "any of the [registration and reporting] requirements." Washington law favors construing "any" as meaning "every" and "all" rather than, as the State suggests, "any one." The use of the plural "requirements" rather than a singular form favors this approach as well. Federal courts have routinely held the use of the word "any" causes ambiguity for unit of prosecution analysis because it "contemplates the plural, rather than specifying the singular."[17]
¶ 14 Moreover, the statutory requirements in this case involved Durrett's obligation to "report weekly, in person, to the sheriff." The State argues that this requirement creates a discrete and separate offense of failing to report each week. But former RCW 9A.44.140(a) (2006) refers to the "duty to register" under former RCW 9A.44.130 and specifies in extensive detail when and under what circumstances that duty ends. This characterization suggests that it is reasonable to view the "requirement" to report weekly as an ongoing obligation or duty rather than a collection of discrete actions. Viewed in this manner, the duty to report weekly is more appropriately described as an ongoing course of conduct that may not be divided into separate time periods to support separate charges.[18]
¶ 15 Our research has not disclosed a unit of prosecution case addressing a statute similar to the reporting obligation in former RCW 9A.44.130(6)(b), and neither party has cited one. The United States Supreme Court addressed a somewhat analogous provision in United States v. Universal C.I.T. Credit Corp.[19] Universal C.I.T. was a prosecution for 32 counts of violating the minimum age, overtime, and recordkeeping provisions of the Fair Labor Standards Act (FLSA).[20] The charges rested on statutory language criminalizing violations of "`any of the provisions'" of the FLSA.[21]
¶ 16 After noting the lack of clarifying legislative history and the "inexplicitness" of the statutory language, the court rejected the suggestion that the FLSA permitted punishment of "`each failure to comply with each *1178 duty imposed by the Act as to each employee in each workweek and as to `each record required to be kept.'"[22] The court then applied the rule of lenity and concluded that the punishable offense under the FLSA was
a course of conduct. Such a reading of the statute compendiously treats as one offense all violations that arise from that singleness of thought, purpose or action, which may be deemed a single `impulse,' a conception recognized by this Court in the Blockburger case.[[23]]
The court's analysis supports the argument that we should construe the failure to report weekly as an ongoing duty and, at least under the facts here, as a course of conduct.
¶ 17 We recognize that former RCW 9A.44.130(11)(a) can reasonably be construed either to punish each weekly failure to report or the failure to comply with the ongoing duty to report. But the significantly harsher consequences of the former interpretation, coupled with the broad meaning accorded the term "any" in Washington and the absence of any statutory indication of the legislature's intention, favor application of the rule of lenity here. Under this analysis, the punishable offense would be a course of conduct the failure to comply with the ongoing duty to reportrather than each separate failure to report.
¶ 18 Once we have determined the correct unit of prosecution, "a factual analysis is necessary to decide whether, under the facts of the case, more than one unit of prosecution is present."[24] The State argues that even if the unit of prosecution is the entire period of nonreporting, the facts in this case support two convictions. The State relies on the fact that Durrett interrupted the period of noncompliance by reporting for two weeks on November 20 and November 26. The State reasons that this period of compliance resulted in two separate and independent periods of nonreporting that would support the two counts.
¶ 19 The State's reasoning is flawed. The period of Durrett's failure to report weekly began on November 6, 2006, and ended on January 22, 2007, when he was arrested. Had he not reported at all during this period, he would have been subject to conviction for one count of failure to register. But under the State's theory, because he partially complied by interrupting the noncompliance with two weeks of compliance, he became subject to conviction on two counts. Had he reported weekly on more occasions during this period, he could have become subject to even more charges. That interpretation is contrary to the statutory goal of encouraging regular reporting.
¶ 20 The parties disagree about the relevance of former RCW 9A.44.140(6), which provides that "[u]nless relieved of the duty to register pursuant to this section, a violation of RCW 9A.44.130 is an ongoing offense for purposes of the statute of limitations under RCW 9A.04.080." Durrett relies on this provision to argue that the legislature intended to define the weekly reporting obligation as a continuing offense. The State argues it shows an intent to create a separate weekly offense. Generally, the doctrine of "continuing criminal impulse" involves the issue of when the crime is complete for purposes of the statute of limitations.[25] Because neither side has identified any relevant Washington authority suggesting that this doctrine illuminates the legislature's intent for purposes of determining the unit of prosecution, we do not find it helpful to our analysis.
¶ 21 Durrett contends that the sentencing court exceeded its statutory authority and violated the separation of powers doctrine by imposing a combined period of total confinement and community custody that exceeded the statutory maximum. The court imposed concurrent terms of confinement of 43 months and a community custody range of *1179 36 to 48 months, a total sentence that exceeds the statutory maximum of 60 months for a class C felony.[26] The State maintains that the sentence is valid because the court specified on the judgment and sentence that the "total term of incarceration and community custody cannot exceed a combined term of 60 months."[27]
¶ 22 This court recently addressed an essentially identical issue in Linerud, concluding that this type of sentence violates the SRA because it is indeterminate and impermissibly allows the Department of Corrections to determine sentence length.[28] The remedy is to remand to permit imposition of a sentence consistent with Linerud that does not exceed the statutory maximum.[29]
¶ 23 Durrett has filed a statement of additional grounds for review as permitted by RAP 10.10. Initially, he challenges alleged errors that occurred during his first trial. But there is no basis to address such contentions in the appeal from the retrial.
¶ 24 Durrett also claims that his conviction must be reversed because the amended information and jury instructions did not include the statutory requirement that he report weekly on "a day specified by the county sheriff's office."[30] But the evidence at trial indicated that the King County sheriff permitted offenders without a fixed residence to report weekly on any day during the week. Consequently, neither the amended information nor the jury instructions contained a requirement that Durrett report on a specific day. Durrett has not shown any resulting error or prejudice.
¶ 25 Durrett next contends that the sentencing court lacked statutory authority to impose community custody because failure to register is not a sex offense. This court rejected an analogous contention in State v. Albright.[31]
¶ 26 We decline to address Durrett's remaining allegations. Some of his claims are insufficient to "inform the court of the nature and occurrence of alleged errors."[32] The remaining contentions, including prosecutorial misconduct and ineffective assistance of counsel, rest primarily on matters outside the record and therefore cannot be addressed on direct appeal.[33]
¶ 27 Remand for resentencing on a single count of failure to register and entry of a sentence consistent with Linerud.
WE CONCUR: LEACH, J.
ELLINGTON, J. (Dissenting).
¶ 28 I concur in all aspects of the opinion save one: I respectfully dissent from the remand for resentencing as unnecessary. I adhere to the views expressed in State v. Sloan, 121 Wash.App. 220, 87 P.3d 1214 (2004) and State v. Hagler, ___ Wash.App. ___, 208 P.3d 32 (2009).
NOTES
[1] 147 Wash.App. 944, 197 P.3d 1224 (2008).
[2] State v. Westling, 145 Wash.2d 607, 610, 40 P.3d 669 (2002).
[3] State v. Adel, 136 Wash.2d 629, 634, 965 P.2d 1072 (1998).
[4] See State v. Diaz-Flores, 148 Wash.App. 911, 915-16, 201 P.3d 1073 (2009).
[5] State v. Sutherby, 165 Wash.2d 870, 204 P.3d 916, 920 (2009) (internal quotation marks omitted) (quoting State v. Adel, 136 Wash.2d 629, 634-35, 965 P.2d 1072 (1998)).
[6] State v. Ose, 156 Wash.2d 140, 144, 124 P.3d 635 (2005).
[7] Adel, 136 Wash.2d at 632, 965 P.2d 1072.
[8] Former RCW 9A.44.130(1)(a).
[9] See State v. Peterson, 145 Wash.App. 672, 678, 186 P.3d 1179 (2008) (noting that most subsections of former RCW 9A.44.130 articulate definition of continuing compliance and do not create alternative means of committing the crime of failure to register), review granted, 165 Wash.2d 1027, 203 P.3d 379 (2009).
[10] Former RCW 9A.44.130(4)(b).
[11] (Emphasis added.)
[12] 165 Wash.2d 870, 204 P.3d 916 (2009).
[13] Former RCW 9.68A.011(2) (2006).
[14] Sutherby, 204 P.3d at 922.
[15] 145 Wash.2d 607, 610, 40 P.3d 669 (2002).
[16] Id. at 611-12, 40 P.3d 669.
[17] United States v. Coiro, 922 F.2d 1008, 1014 (2nd Cir.), cert. denied, 501 U.S. 1217, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1991); see also Bell v. United States, 349 U.S. 81, 82, 75 S.Ct. 620, 99 L.Ed. 905 (1955) (Congress did not clearly and unambiguously define unit of prosecution for transporting under Mann Act "any woman or girl" to support two convictions for transporting two women at once).
[18] Adel, 136 Wash.2d at 635, 965 P.2d 1072.
[19] 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952).
[20] Id. at 219, 73 S.Ct. 227.
[21] Universal C.I.T., 344 U.S. at 219 n. 1, 73 S.Ct. 227 (quoting Fair Labor Standards Act §§ 15 & 16).
[22] Id. at 220 n. 3, 73 S.Ct. 227 (quoting Brief of United States at 10).
[23] Id. at 224, 73 S.Ct. 227.
[24] Westling, 145 Wash.2d at 612, 40 P.3d 669.
[25] See State v. Mermis, 105 Wash.App. 738, 744-46, 20 P.3d 1044, review denied, 145 Wash.2d 1014, 35 P.3d 380 (2001).
[26] See former RCW 9A.44.130(11)(a); former RCW 9A.20.021(1)(c) (2006).
[27] See State v. Sloan, 121 Wash.App. 220, 223-24, 87 P.3d 1214 (2004).
[28] Linerud, 147 Wash.App. at 949-50, 197 P.3d 1224.
[29] See State v. Berg, 147 Wash.App. 923, 941, 198 P.3d 529 (2008).
[30] Former RCW 9A.44.130(6)(b).
[31] 144 Wash.App. 566, 572-73, 183 P.3d 1094 (correcting numbering error because it leads to absurd results, review denied, 164 Wash.2d 1028, 195 P.3d 957 (2008)).
[32] See RAP 10.10(c).
[33] See State v. McFarland, 127 Wash.2d 322, 337-38, 899 P.2d 1251 (1995).