# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69924-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DONNIE W. DURRETT, | ) | |
| Appellant. | ) | FILED: June 2, 2014 |
| | ) | |

APPELWICK, J. — Durrett alleges that the trial court violated his right to be present and right to counsel by setting his community custody term without Durrett or his attorney present. His sentence had been remanded solely for entry of a community custody period consistent with RCW 9.94A.701(9). This does not require an exercise of discretion triggering a right to be present. We affirm.

## FACTS

Donnie Durrett was convicted of failure to register as a sex offender.[1] He was sentenced to 43 months in the custody of the Department of Corrections (DOC). The trial court also imposed community custody for the statutory range of 36 to 48 months. The court included a notation stating that "[t]he total term of incarceration and community custody cannot exceed a combined term of 60 months."

---

[1] Durrett was originally convicted of two counts of failure to register as a sex offender. This court ultimately reversed one of his convictions as a violation of double jeopardy. State v. Durrett, 150 Wn. App. 402, 404, 208 P.3d 1174 (2009). This appeal arises from the sentence associated with the remaining conviction.

Durrett appealed, arguing that the trial court erred in imposing a sentence that exceeded the statutory maximum of 60 months. State v. Durrett, 150 Wn. App. 402, 411-12, 208 P.3d 1174 (2009). The State countered that Durrett's sentence was valid, because the court's notation restricted the total term to 60 months. Id. at 412. This court concluded that the sentence was indeterminate and therefore invalid. Id. We remanded for entry of a fixed sentence. See id. at 413.

On remand, the trial court again sentenced Durrett to 43 months in custody. It also again imposed community custody. This time, the court struck the reference to the statutory 36 month term and noted once more that "[t]he total term of incarceration and community custody cannot exceed a combined term of 60 months."

Durrett appealed a second time, arguing that the court failed to enter a fixed term of community custody as directed. State v. Durrett, noted at 170 Wn. App. 1018, 2012 WL 3815085, at *2. The State conceded error and acknowledged that Durrett's term of community custody must be limited to 17 months so as not to exceed the statutory maximum. We accepted the State's concession and remanded "solely for entry of a community custody period consistent with RCW 9.94A.701(9).[2] The trial court's resentencing decision is otherwise affirmed." Id.

On the second remand, the trial court entered an order amending the judgment and sentence as to the term of community custody only. It did not hold a hearing or consider argument from Durrett. It struck the language that "[t]he total term of

---

[2] "The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." RCW 9.94A.701(9).

incarceration and community custody cannot exceed a combined term of 60 months" and ordered that the total term of community custody was 17 months.

Durrett again appeals.

## DISCUSSION

### I.   Right to Be Present and Right to Counsel

Durrett argues that that the trial court erred in amending the judgment and sentence without him or his attorney present. He contends that this violated his right to be present and right to counsel. The State counters that the trial court's action was merely ministerial and thus triggered no constitutional protections.

Criminal defendants have the right to appear and defend themselves in person or by counsel. WASH. CONST. art. I, § 22; see also U.S. CONST. amend. XIV ("[N]or shall any state deprive any person of life, liberty, or property, without due process of law."). The constitutional right to be present extends to every "critical stage" of the proceedings. State v. Heddrick, 166 Wn.2d 898, 909-10, 215 P.3d 201 (2009). A critical stage is one in which the outcome of the case is substantially affected. See id. at 910. This includes sentencing. State v. Robinson, 153 Wn.2d 689, 694, 107 P.3d 90 (2005). The right to be present also applies at resentencing, if the court has discretion to determine the length of the new sentence. See State v. Davenport, 140 Wn. App. 925, 932, 167 P.3d 1221 (2007). But, where the court merely makes a ministerial correction, the right to be present does not apply. State v. Ramos, 171 Wn.2d 46, 48, 246 P.3d 811 (2011).

In Ramos, the appellant argued that the term of his community placement was too vague. Id. at 48. The Court of Appeals remanded for correction of his sentence to state

3

the specific length of community placement. Id. at 49. It further directed the trial court to specify the "'special terms'" of the placement. Id. The Supreme Court found that this required the trial court to exercise discretion. Id. It reasoned that, had the Court of Appeals merely directed the trial court to state the specific term of community placement, there would have been no exercise of discretion, because the term was dictated by statute. Id. But, the trial court has discretion over special terms, and the Court of Appeals necessarily required it to exercise that discretion. Id. Ramos thus had the right to be present at resentencing. Id.

The State contends that here, unlike in Ramos, this court's mandate did not allow the trial court to exercise discretion when it entered the order amending Durrett's judgment and sentence. The State emphasizes that we remanded "solely for entry of a community custody period consistent with RCW 9.94A.701(9)." Durrett, 2012 WL 3815085, at *2 (emphasis added).

RCW 9.94A.701 was enacted in 2008. LAWS OF 2008, ch. 231, § 7 Durrett failed to register as a sex offender from December 2006 to January 2007. His conduct predates the statute.

Nonetheless, we agree with the State that the trial court lacked discretion on remand. Durrett was convicted under former RCW 9A.44.130 (2006). The statutory scheme at the time provided that, if an offender failed to register under former RCW 9A.44.130, "the court shall impose a term of community custody under [former] RCW 9.94A.715 [(2006)]." Former RCW 9.94A.545(2) (2006). That section in turn mandated

4

that, when the court sentenced a person to DOC custody for a sex offense,[3] it must also sentence that person to community custody for the range established under former RCW 9.94A.850 (2005) or up to the period of earned release, whichever was longer. Former RCW 9.94A.715(1).

The statutory community custody range for a sex offense was 36 to 48 months. Former WAC 437-20-010 (2005). This range, combined with Durrett's 43 months of DOC custody, exceeded the statutory maximum of 60 months. Accordingly, the trial court was compelled to reduce Durrett's community custody term. Former RCW 9.94A.715(1) directed the court to impose "whichever is longer" of the possible community custody terms. This was restrictive language. It required the court to impose a community custody term that, in conjunction with his DOC custody, met the statutory maximum. When the court amended Durrett's judgment and sentence, its action was thus merely ministerial.

---

[3] In his first statement of additional grounds, Durrett argues that failure to register as a sex offender was not a sex offense under RCW 9A.44.130. He cites to former RCW 9.94A.030(42)(a)(i) (2006), which defined "sex offense" as a "felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.130(11)." Former RCW 9A.44.130(11) established the penalty for failing to register as a sex offender.

While Durrett is technically correct, his argument fails under State v. Castillo, 144 Wn. App. 584, 183 P.3d 355 (2008) and State v. Albright, 144 Wn. App. 566, 183 P.3d 1094 (2008). These cases recognize that a clerical error was to blame for the exclusion of failure to register as a sex offender from the definition of "sex offense." Castillo, 144 Wn. App. at 591-92; Albright, 144 Wn. App. at 571. Former RCW 9A.44.130 (2005) exempted failure to register as a kidnapper from the definition of "sex offense." LAWS OF 2005, ch. 380, § 1. In 2006, the legislature added a new section to the statute and renumbered the subsequent provisions. LAWS OF 2006, ch. 129, § 2. However, the legislature failed to amend RCW 9.94A.030, to accurately cross-reference those provisions. The Castillo and Albright courts treated the new definition as an oversight and interpreted the statute as preserving its original meaning. Castillo, 144 Wn. App. at 591; Albright, 144 Wn. App. at 571.

We find that the trial court did not exercise discretion when it amended Durrett's judgment and sentence on remand. Therefore, Durrett's right to be present and right to counsel did not apply.

II.    Statements of Additional Grounds

Durrett also raises multiple statements of additional grounds (SAGs). He alleges that the court's failure to hold a hearing violated his right to a report of proceedings under RAP 9.1. That rule pertains to the composition of the record on appellate review. It sets forth procedural requirements that parties must meet. It does not provide rights to parties or mandate oral proceedings at the trial court level. We find no merit in Durrett's argument.

Durrett further asserts that the court and the prosecutor committed fraudulent misrepresentation. First, Durrett maintains that his judgment and sentence fraudulently implies that he was present for all stages of sentencing. The parties do not dispute that neither Durrett nor his attorney was present for entry of the order amending his judgment and sentence. And, while Durrett's judgment and sentence on first remand correctly states that he and his attorney were present, the order entered on second remand makes no such representation.

Durrett also argues that the prosecutor committed fraudulent misrepresentation and misconduct by stating that the court was performing a ministerial task and presenting the order amending his judgment and sentence. As discussed above in section I, the court's actions on remand were proper. The prosecutor's actions were thereby proper as well. Moreover, Durrett references documents that are attached to his SAG but not

designated in the record. We cannot consider matters outside the record on a direct appeal. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) ("If a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the appropriate means of doing so is through a personal restraint petition.")

We affirm.

WE CONCUR: