COURT OF APPEALS DI
2016 SEP 26 AM II: 30

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73755-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT L. KING, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 26, 2016 |
| | ) | |

BECKER, J. — Appellant Robert King was convicted of one count of threatening to bomb or injure property, one count of stalking, and three counts of cyberstalking. We accept the State's concession of error and remand for further proceedings.

Two of the cyberstalking convictions were based on a single text message threatening King's ex-girlfriend's two daughters. King argues the two convictions violate double jeopardy because the unit of prosecution for cyberstalking is for each electronic communication.

"A person is guilty of cyberstalking if he or she, with intent to harass, intimidate, torment, or embarrass any other person . . . makes *an* electronic communication." RCW 9.61.260(1) (emphasis added). King compares this cyberstalking statute to an arson statute that prohibits causing "a fire or explosion," so the unit of prosecution is for each fire caused, State v. Westling,

145 Wn.2d 607, 611-12, 40 P.3d 669 (2002), and a statute that prohibits possessing "a stolen access device," so the unit of prosecution is for each stolen access device possessed, State v. Ose, 156 Wn.2d 140, 144-46, 124 P.3d 635 (2005).

The State concedes the alleged double jeopardy violation and agrees that one of the convictions for cyberstalking must be vacated and the case remanded for resentencing. We accept the concession.

King also contends all of his convictions constitute the same criminal conduct for the purpose of calculating this offender score. Although King did not raise this issue in the trial court, the State does not object to allowing him to present the argument to the trial court on remand. We agree it is appropriate to have the issue of same criminal conduct resolved by the trial court on remand.

King asks that appellate costs not be awarded against him. The State is not seeking an award of appellate costs in this appeal. Consequently, none will be awarded.

Remanded.

Becker, J.

WE CONCUR:

Leach, J.

Cox, J.

2