IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | |
| | ) | No. 37647-8-III |
| BRADLEIGH A. HINES, | ) | |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |

STAAB, J. — In 2009, Bradleigh Hines was convicted of two counts of failure to register as a sex offender in Asotin County. The court imposed concurrent sentences of 25.5 months. Mr. Hines did not appeal the judgment or sentence. Three months later, the unit of prosecution for this offense was defined in *State v. Durrett,* 150 Wn. App. 402, 406, 208 P.3d 1174 (2009).

Mr. Hines filed this personal restraint petition (PRP) in 2020, arguing that his two convictions violated double jeopardy under *Durrett*. The State agrees that the PRP is timely and that the multiple convictions violated Mr. Hines's double jeopardy rights. We vacate his second conviction for failing to register as a sex offender and remand for resentencing.

FACTS

In September 2008, the State charged Bradleigh Hines with one count of failure to register as a sex offender in Asotin County. An amended information was filed on February 24, 2009, charging Mr. Hines with two counts of failure to register. Count one alleged a failure to register between August 1, 2008 and September 1, 2008, and count two alleged a failure to register between November 25, 2008 and December 13, 2008. Following a bench trial on February 26, 2009, Mr. Hines was found guilty of both counts and sentenced to 25.5 months on each count, concurrent.

On July 10, 2020, Hines filed this PRP, asserting that double jeopardy bars his second conviction for failure to register. This court called for a response from the State, and the acting chief judge referred this matter to a panel of judges for determination on the merits after determining that Mr. Hines's petition is not frivolous. RAP 16.11(b).

ANALYSIS

As a threshold matter, this court must decide if Mr. Hines's PRP, filed more than one year after the judgment became final, is timely. To prevail in a PRP, a petitioner must establish (1) a constitutional error that resulted in actual and substantial prejudice or (2) a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Dove*, 196 Wn. App. 148, 154, 381 P.3d 1280 (2016); *see also In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132-33, 267 P.3d 324 (2011). However, there are certain constitutional errors for which relief is

2

automatically available on collateral review, including double jeopardy violations. *In re Pers. Restraint of Moi*, 184 Wn.2d 575, 579, 360 P.3d 811 (2015) (petitioner satisfies his burden to demonstrate actual and substantial prejudice if he demonstrates a double jeopardy violation); *In re Pers. Restraint of Borrero*, 161 Wn.2d 532, 536, 167 P.3d 1106 (2007).

A personal restraint petition filed more than one year after the judgment and sentence becomes final is barred as untimely under RCW 10.73.090(1) unless the judgment and sentence is invalid on its face, the trial court lacked jurisdiction, or the petition is based solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(6). Mr. Hines claims his petition is timely pursuant to RCW 10.73.100(3), under which double jeopardy claims are exempt from RCW 10.73.090's one-year time bar. The timeliness question is a threshold inquiry: this court does not have to decide whether an entire claim is meritorious to decide whether it fits within an exception to the time bar. *See In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 99-108, 351 P.3d 138 (2015) (examining whether two petitioners' PRP claims fit within the RCW 10.73.100 exception to the one-year time bar, for both the petitioner whose claim did survive and also the petitioner whose claim did not survive). Since Mr. Hines's PRP is based solely on a double jeopardy claim, it clearly fits within RCW 10.73.100(3)'s exception to the one-year time bar, and this court must consider the merits of his argument. *See, e.g.*, *In re Pers. Restraint of Schorr*, 191 Wn.2d 315, 320, 422 P.3d 451 (2018).

The next question this court must address is whether the PRP has merit. The double jeopardy clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. 5. Similarly, the Washington State Constitution provides that "[n]o person shall be . . . twice put in jeopardy for the same offense." Const. art. I, § 9. Washington's clause provides the same protection as the federal clause. *In re Pers. Restraint of Davis*, 142 Wn.2d 165, 171, 12 P.3d 603 (2000).

The double jeopardy provision of both the state and federal constitutions prohibits multiple convictions under the same statute if the defendant has committed only "one unit of the crime." *State v. Westling*, 145 Wn.2d 607, 610, 40 P.3d 669 (2002). Accordingly, when a defendant is convicted of multiple violations of the same statute, the double jeopardy question focuses on "'what unit of prosecution'" the legislature intended as the punishable act under the statute. *Davis*, 142 Wn.2d at 172 (quoting *State v. Tili*, 139 Wn.2d 107, 113, 985 P.2d 365 (1999)). This question is resolved by examining the relevant statute in order to ascertain what the legislature intended. *Davis*, 142 Wn.2d at 172.

In *State v. Durrett*, 150 Wn. App. 402, 410-11, 208 P.3d 1174 (2009), Division One of this court held that the "requirement" to register as a sex offender is an ongoing course of conduct that may not be divided into separate time periods to support separate charges. In that case, the defendant was a sex offender who was required to report

4

weekly pursuant to former RCW 9A.44.130(6)(b) (2006). *Id.* at 405-06. He failed to report for two weeks in a row, reported in the next two weeks, and then failed to report again until he was arrested seven weeks later. The State charged the defendant with two counts of failure to register based on the two separate periods of noncompliance, and he was found guilty of both charges. *Id.* Division One of the Court of Appeals held that the defendant's convictions for two counts of failure to register as a sex offender violated double jeopardy, concluding that the punishable offense, failure to comply with an ongoing duty to report, was a single course of conduct. The court held that the period of the defendant's failure to report ran from the date of his first failure to report until his arrest, rejecting the State's argument that the fact that the defendant reported for two weeks in the middle of that period of noncompliance subjected the defendant to two convictions.

Division Two of the Court of Appeals subsequently applied the same reasoning in *State v. Green*, 156 Wn. App. 96, 99-101, 230 P.3d 654 (2010). The defendant in that case was a sex offender who was required to register every 90 days pursuant to RCW 9A.44.130. *Id.* at 98. He registered as required in April 2007 but failed to report again for over a year. *Id.* The State charged the defendant with failing to register, stating the violation date as July 2007. After the trial court found the defendant not guilty, the State again charged the defendant with failure to register, stating the violation date as October 2007. The court dismissed the second charge on double jeopardy grounds. On appeal,

5

Division Two of the Court of Appeals relied on *Durrett* to conclude that the duty to register every 90 days pursuant to RCW 9A.44.130 "create[s] an ongoing course of conduct that cannot support separate charges." *Id.* at 101.

In this case, the State agrees that under *Durrett*,[1] failure to register as a sex offender is an "ongoing" offense that must be considered a "course of conduct." Thus, multiple convictions for the offense of failure to register are barred. As charged here, the period of Mr. Hines's failure to report ran from the date of his first failure to report, on or about August 1, 2008, until his arrest. Accordingly, the second count of failure to register that was purportedly based on the period of noncompliance from November 25, 2008, until December 13, 2008, violated double jeopardy.

Because Mr. Hines has demonstrated that one of his convictions violates double jeopardy, he has demonstrated that he is entitled to relief. *In re Pers. Restraint of Moi*, 184 Wn.2d 575, 579, 360 P.3d 811 (2015); *In re Pers. Restraint of Borrero*, 161 Wn.2d 532, 536, 167 P.3d 1106 (2007). The applicable remedy is to vacate the second count of failure to register as a sex offender and remand for resentencing. *In re Pers. Restraint of*

---

[1] The *Durrett* opinion was filed on June 1, 2009, several months after Mr. Hines was found guilty and sentenced. The State does not challenge the applicability of *Durrett* to Mr. Hines, apparently conceding that *Durrett* applies retroactively. *See, e.g.*, *In re Pers. Restraint of Farney*, 91 Wn.2d 72, 75-76, 583 P.2d 1210 (1978) (noting that when a positive constitutional right, such as the prohibition against double jeopardy, is violated, the controlling decision is applied retroactively).

*Francis*, 170 Wn.2d 517, 532, 242 P.3d 866 (2010); *see also In re Pers. Restraint of White*, 1 Wn. App. 2d 788, 798, 407 P.3d 1173 (2017).

Vacate and remand.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, C.J.