# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55819-0-II |
| Respondent, | |
| v. | |
| TROY A. GAMBER, JR., | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Troy Gamber appeals his conviction and sentence for failing to register as a sex offender. Gamber argues that the trial court violated his right to a unanimous jury verdict because it failed to issue a unanimity instruction. Gamber also argues that the trial court erred by imposing community custody supervision fees because the record reflects that the trial court intended to waive all discretionary legal financial obligations (LFOs).

We hold that Gamber's criminal conduct was a continuous, ongoing offense and that the trial court did not err by failing to issue a unanimity instruction, and that the record was unclear as to whether the trial court intended to waive all discretionary LFOs. We decline to address Gamber's statement of additional grounds (SAG) for review based on his failure to inform us of the nature and occurrence of the alleged errors. Accordingly, we affirm Gamber's conviction for failing to register as a sex offender and remand the issue of the community custody supervision fees so that the trial court can clarify whether it intended to waive the discretionary LFO.

FACTS

I.   BACKGROUND—CHARGING INFORMATION

On November 14, 2005, Gamber was convicted of indecent exposure with sexual motivation and assault in the fourth degree with sexual motivation. He was required to register as a sex offender under former RCW 9A.44.130 (2003).[1] On at least two other occasions, Gamber was convicted of felony failure to register as a sex offender.

On June 13, 2018, Gamber registered with the Mason County Sheriff's Office. On September 18, 2020, Gamber changed his status to transient within Shelton, Washington and was advised that he was required to check in every Monday. Gamber failed to report for the following two weeks and on September 30, Gamber conducted his first transient check-in, which required him to sign a weekly check-in form. The form stated, "if you lack a fixed residence, you must report in person to the Sheriff of the County where you registered on a weekly basis. Weekly is defined as every seven (7) days. Monday through Friday, 8:30am-4:30pm (excluding holidays)." Clerk's Papers (CP) at 3. Gamber reviewed and signed this form and was reminded that he needs to report every Monday.

Gamber again failed to report on October 12 and 19. However, it was soon discovered that Gamber was booked into the Nisqually Tribal jail on October 12 and released on October 20. According to the Mason County Sheriff's Office, registered sex offenders are required to report within three days after release from incarceration. On October 26, Gamber again failed to report.

On December 7, Gamber was booked into the Mason County jail. The State charged Gamber with one count of failure to register as a sex offender on or between October 26 and

---

[1] The legislature amended RCW 9A.44.130 several times since Gamber's conviction in 2005. However, we will utilize the current version of RCW 9A.44.130 because the amendments do not appear to impact the issues raised in this case.

December 8. Because Gamber was convicted of failing to register as a sex offender on at least two other occasions, he was charged with a class B felony offense.

II.     THE TRIAL

Gamber stipulated that prior to October 26, 2020, he was convicted of a class A sex offense for which he was required to register as a sex offender for life and that he has previously been convicted on at least two occasions of failure to register as a sex offender. This stipulation was provided to the jury at trial. The jury was also given a limiting instruction that "they are not to consider the defendant being in custody on an unrelated matter in its consideration of this case." Report of Proceedings (RP) at 202.

In addition to the charging period of October 26 to December 8, the State introduced evidence to the jury that Gamber also failed to report on September 21, September 28, October 12, and October 19, and stated in its closing argument that Gamber was required to report within three days after his release from jail on October 20. Jury instruction 6 stated, "[t]o convict the defendant of the crime of failure to register as a sex offender, each of the following elements of the crime must be proved beyond a reasonable doubt," including "the defendant was required to register in the State of Washington as a sex offender between October 26, 2020 and December 8, 2020" and that during that time period "the defendant knowingly failed to comply with a requirement of sex offender registration." CP at 92; RP at 221-22.

III.    SENTENCING

The jury found that Gamber was previously convicted on at least two occasions of failure to register as a sex offender and convicted him of failing to register as a sex offender between October 26, 2020, and December 8, 2020, under RCW 9A.44.132(1)(b).

The court sentenced Gamber to 50 months of confinement followed by 36 months of community custody. The court found that Gamber had "limited ability to meet his [LFOs]" and imposed the $500 crime victims fund, while waiving the $200 filing fee and the DNA fee "as it previously has been taken." RP at 262. Gamber now appeals his conviction and sentence for failing to register as a sex offender.

## ANALYSIS

### I. UNANIMITY JURY INSTRUCTION

Gamber argues that his constitutional right to a unanimous jury verdict was violated because the trial court failed to use a unanimity instruction as to which date between October 26, 2020 and December 8, 2020 formed the basis of his conviction for failing to register as a sex offender. The State argues that the trial court did not need to issue a unanimity instruction because the evidence showed that Gamber committed a continuous, ongoing offense that encompassed the entire charging period.[2] We agree with the State.

### A. Legal Principles

Criminal defendants have a right to a unanimous jury verdict. WASH. CONST. art. I, § 21; *State v. Rodriquez*, 187 Wn. App. 922, 936, 352 P.3d 200 (2015). Evaluating whether a unanimity instruction was required is a question of law reviewed de novo. *State v. Lee*, 12 Wn. App. 2d 378, 393, 460 P.3d 701, *review denied*, 195 Wn.2d 1032 (2020). When the State presents evidence of multiple acts, any one of which could form the basis of one count charged, either the State must elect which act it is relying on for a conviction or the court must instruct the jury to agree on a

---

[2] The State does not argue that RAP 2.5(a) bars Gamber's argument on appeal. Regardless, RAP 2.5(a) would not bar our review because failure to provide a required unanimity instruction affects a defendant's constitutional right to a jury trial and may be raised for the first time on appeal. *State v. Stockmyer*, 83 Wn. App. 77, 86, 920 P.2d 1201 (1996).

specific criminal act to support the conviction. *Lee*, 12 Wn. App. 2d at 392-93; *see also State v. Coleman*, 159 Wn.2d 509, 511, 150 P.3d 1126 (2007).

However, if the evidence presented indicates that the defendant engaged in multiple acts forming a continuing course of criminal conduct, then neither an election nor a unanimity instruction is required. *Id*. RCW 9A.44.130 considers a single act that amounts to failing to register—moving without alerting the appropriate authority. *State v. Peterson*, 168 Wn.2d 763, 768-70, 230 P.3d 588 (2010). If a person is not regularly registering his whereabouts as required by the statute, then the conduct and nature of the criminal act does not change.[3] *See id*.

To determine whether multiple acts form one continuing offense, courts view the facts in a commonsense manner. *Rodriquez*, 187 Wn. App. at 937; *see also State v. Petrich*, 101 Wn.2d 566, 571, 683 P.2d 173 (1984). If the criminal conduct occurred in one place during a short period of time and as part of a single, overarching criminal act intended to secure the same objective, then the evidence tends to show one continuing act. *State v. Handran*, 113 Wn.2d 11, 17, 775 P.2d 453 (1989); *Rodriquez*, 187 Wn. App. at 937. Failing to comply with an ongoing duty is seen as a course of conduct rather than separate failures. *State v. Durrett*, 150 Wn. App. 402, 410, 208 P.3d 1174 (2009) (holding multiple violations of the same reporting requirement is an ongoing course of conduct); *see also State v. Valencia*, 2 Wn. App. 2d 121, 129, 416 P.3d 1275 (2018) (holding two different reporting requirements, duty to register and duty to report weekly, are separate offenses). A jury does not need to unanimously agree to each incident of a criminal act during this

---

[3] In contrast, the theft statute describes distinct acts that amount to the same crime. *Peterson*, 168 Wn.2d at 770. For example, one can accomplish theft by either wrongfully exerting control over someone's property or by deceiving someone to give up their property. *Id*. In each alternative, the "conduct varies significantly." *Id*. (emphasis omitted).

period of time but may instead "be unanimous in its determination that the conduct occurred." *State v. Crane*, 116 Wn.2d 315, 330, 804 P.2d 10 (1991).

On the other hand, "where the evidence involves conduct at different times and places, then the evidence tends to show 'several distinct acts.'" *Handran*, 113 Wn.2d at 17; *see also Petrich*, 101 Wn.2d at 571 (discussing that, although the victim is the same, the differing time frame and identifying place "is not enough to call the offense one transaction."). Additionally, jury instructions must not allow the jury to convict a defendant of crimes not charged in the information. *State v. Jain*, 151 Wn. App. 117, 121, 210 P.3d 1061 (2009).

The failure to give a required unanimity instruction is constitutional error. *State v. Bobenhouse*, 166 Wn.2d 881, 893, 214 P.3d 907 (2009). "'The error stems from the possibility that some jurors may have relied on one act or incident and some [jurors a different act], resulting in a lack of unanimity on all of the elements necessary for a valid conviction.'" *Bobenhouse*, 166 Wn.2d at 893 (quoting *Kitchen*, 110 Wn.2d at 411). Such an error "will not be upheld unless the error is harmless beyond a reasonable doubt. The presumption of error is overcome only if no rational juror could have a reasonable doubt as to any of the incidents alleged." *Coleman*, 159 Wn.2d at 512; *See also Kitchen*, 110 Wn.2d at 411–12.

B.      No Unanimity Error Occurred at the Trial Court

Here, the State charged Gamber with one count of failing to register as a sex offender under RCW 9A.44.132(1)(b), based on an ongoing course of conduct.[4]  At trial, the State produced evidence that Gamber knowingly failed to report weekly to the Mason County Sherriff's Office between the dates of October 26, 2020 and December 8, 2020. "It is reasonable to view the

---

[4] At trial, Gamber stipulated that prior to October 26, 2020, he was convicted of a class A sex offense for which he is required to register as a sex offender for life and that he has previously been convicted on at least two occasions of failure to register as a sex offender.

'requirement' to report weekly as an ongoing obligation or duty rather than a collection of discrete actions." *Durrett*, 150 Wn. App. at 409. Therefore, while Gamber's failure to register occurred over a period of time, Washington courts consider such conduct as violation of a single ongoing obligation or duty rather than a collection of discrete actions. As a matter of law, the unit of prosecution for such a crime is the single ongoing failure to register.

The State provided evidence of multiple violations of the same weekly reporting requirement. Gamber failed to report weekly beginning October 26, when he was required to report after being released from the Nisqually Tribal jail, and ending when he was arrested on December 7. The State presented evidence that Gamber also failed to report on September 21, September 28, October 12, and October 19, as well as stated in its closing argument that Gamber was required to report within the three days after his release from jail on October 20. Although these dates are outside of the date range in the charging document, this information did not require the jury to be given a unanimity instruction because the State elected which dates to rely on for a conviction in the to-convict jury instruction. Jury instruction 6 made clear the time period that the jury was required to base Gamber's conviction. It states that to convict Gamber of failure to register as a sex offender, each of the following elements must be proved beyond a reasonable doubt:

> (1) Prior to October 26, 2020, the defendant was convicted of a sex offense;
> (2) That due to that conviction, the defendant was required to register in the State of Washington as a sex offender between October 26, 2020 and December 8, 2020; and
> (3) That during that time period, the defendant knowingly failed to comply with a requirement of sex offender registration.

CP at 92; RP at 221-22. Accordingly, jury instruction 6 specified the singular unit of prosecution: violation of an ongoing obligation that the jury was asked to render a verdict upon. A unanimity instruction or supplemental election was not required.

Gamber also cites to *Jain* in an apparent assertion that the State invited the jury to convict him of crimes not charged in the information. But again, the to-convict instruction properly informed the jury that the course of conduct began on October 26, 2020, the date Gamber first failed to report weekly on the Monday after he was released from jail, and ended December 8, 2020, when he was arrested. Because the State relied on multiple acts involving the same failure to comply with an ongoing duty to report, they are seen as a continuing course of conduct. The State's comments in closing argument that Gamber also failed to report after release from jail on October 20 do not amount to an invitation to convict outside the dates in the information and the to convict instruction. This argument fails.

We hold that the trial court did not err by failing to issue a unanimity instruction. Accordingly, we affirm Gamber's conviction for one count of failing to register as a sex offender.

II.     COMMUNITY CUSTODY SUPERVISION FEES

Gamber contends that that the community custody supervision fees must be stricken because statutory amendments prohibit discretionary costs for indigent defendants and because the record reflects that the trial court intended to waive all discretionary LFOs. The State argues that the trial court did not err by imposing community custody supervision fees because the trial court did not make a finding that Gamber was indigent and did not express any intent to waive all discretionary LFOs. We remand this case for the trial court to clarify whether it intended to waive the community custody supervision fees.

As part of any term of community custody, the court shall order a defendant to pay supervision fees as determined by the Department of Corrections (DOC), "[u]nless waived by the

8

court." Former RCW 9.94A.703(2)(d) (2018).[5] "Community custody supervision fees are discretionary LFOs because they are waivable by the court." *State v. Spaulding*, 15 Wn. App. 2d 526, 536, 476 P.3d 205 (2020). Community custody supervision fees are not a "cost" under RCW 10.01.160 and so a court is not prohibited from imposing those fees on an indigent defendant. *Spaulding*, 15 Wn. App. 2d at 536-37.

However, because the imposition of LFOs on indigent defendants can create significant hardship, there are strong policy arguments in favor of considering an indigent defendant's ability to pay discretionary LFOs. *State v Blazina*, 182 Wn.2d 827, 835-37, 344 P.3d 680 (2015); *State v. Clark*, 191 Wn. App. 369, 376, 362 P.3d 309 (2015). When the trial court intends to impose only mandatory LFOs and waive all other non-mandatory fees and interest, the trial court commits procedural error. *State v. Bowman*, 198 Wn.2d 609, 629, 498 P.3d 478 (2021). If it is unclear whether the trial court intended to impose the community custody supervision fees as an LFO, the issue should be remanded for the trial court to reevaluate the imposition of the community custody supervision fees. *Spaulding*, 15 Wn. App. 2d at 537.

Here, it is unclear whether the trial court found Gamber to be indigent and intended to waive all discretionary LFOs. The trial court found Gamber to have "limited ability to meet his [LFOs]." RP at 262. The trial court imposed a $500 crime victim fund fee but waived the $200 filing fee and DNA fee "as it previously has been taken." RP at 262. The trial court did not speak to Gamber's status regarding indigence and did not make clear if it intended to waive all non-mandatory LFOs. Because it is unclear whether the trial court intended to impose the community

---

[5] We recognize that effective July 1, 2022, the legislature amended RCW 9.94A.703 to strike the provision concerning community custody supervision fees. However, because Gamber was convicted on May 10, 2021, which is before the effective date of the applicable amendment, we will utilize the former version of RCW 9.94A.703 in this opinion.

custody supervision fees, this issue shall be remanded for the trial court to reevaluate the imposition of the supervision fees.

III.   SAG

A defendant seeking review of a criminal case "may file a pro se statement of additional grounds for review to identify and discuss those matters related to the decision under review that the defendant believes have not been adequately addressed by the brief filed by the defendant's counsel." RAP 10.10(a). Reference to the record and citation to authorities are not necessary or required, but the appellate court will not consider the defendant's SAG "if it does not inform the court of the nature and occurrence of alleged errors." RAP 10.10(c).

Gamber's SAG consists of a cover sheet indicating two additional grounds for appeal. Gamber states, "[b]oth of the people that work at the front desk office each time I did go there," and "the sheriff's office place both the people that worked there one in the office front desk and the other one just works there." SAG at 1. Gamber fails to "inform the court of the nature and occurrence of the alleged errors." *See* RAP 10.10(c). The vague issues Gamber raises are bare statements and are insufficient. Therefore, we decline to review these issues.

## CONCLUSION

We affirm Gamber's conviction for one count of failing to register as a sex offender and remand the issue of community custody supervision fees so that the trial court can clarify whether it intended to waive discretionary LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Glasgow, C.J.

Cruser, J.