IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| STATE OF WASHINGTON, | No. 49622-4-II |
| Respondent, | |
| v. | PART PUBLISHED OPINION |
| ADRIAN REYNA VALENCIA, | |
| Appellant. | |

MAXA, A.C.J. – Adrian Valencia appeals his conviction for failure to register as a sex offender and his sentence. At sentencing following his conviction, the trial court included in Valencia's offender score two prior convictions for failure to register: one for failing to register in December 2014 when he moved from Oregon to Washington and one for failing to report weekly in March 2015 when he had no fixed residence. These convictions were entered on the same day as each other and resulted in concurrent sentences. The trial court ruled that the two convictions did not constitute the same criminal conduct.

We hold that the trial court did not err in determining that Valencia's two prior offenses were not the same criminal conduct when calculating his offender score. In the unpublished portion of this opinion, we reject Valencia's other claims relating to his conviction. Accordingly, we affirm Valencia's conviction for failing to register as a sex offender and his sentence.

FACTS

*2015 Sex Offender Registration Convictions*

In 2010, Valencia was convicted of attempt to commit sex abuse in Oregon. As a result, he was required to register as a sex offender in Washington.

In December 2014, the State charged Valencia with a violation of sex offender registration requirements. The State alleged that between December 2 and 4, 2014, Valencia failed to register with the sheriff's office within three days after moving to Thurston County from Oregon, as required under Washington law.

In February 2015, Valencia registered as transient in Thurston County. The State subsequently charged Valencia with a violation of sex offender registration requirements. The State alleged that between March 18 and 31, 2015 Valencia failed to report on a weekly basis, as required under Washington law.

In November 2015, Valencia pleaded guilty to two counts of violating sex offender registration requirements regarding the December 2014 and March 2015 violations. The sentencing court imposed concurrent sentences. The court did not address whether the two offenses encompassed the same criminal conduct and included both convictions in Valencia's offender score.

*2016 Conviction and Sentencing*

In 2016, Valencia again was charged with and convicted of failure to register as a sex offender. Following a sentencing hearing, the trial court found that Valencia's 2014 and 2015 failure to register offenses did not encompass the same criminal conduct. The trial court calculated Valencia's offender score as 8, counting the two convictions separately.

Valencia appeals his conviction and sentence.

ANALYSIS

Valencia argues that the trial court erred in ruling that the offenses underlying his two 2015 convictions for failure to register as a sex offender did not encompass the same criminal

conduct as defined in RCW 9.94A.589(1)(a). Therefore, he claims that both convictions should not have been included in his offender score. We disagree.

A.    LEGAL PRINCIPLES – SAME CRIMINAL CONDUCT

1.    Sentencing of Multiple Current Offenses

For purposes of calculating a defendant's offender score, multiple current offenses that encompass the same criminal conduct are counted as one offense. RCW 9.94A.589(1)(a). Under RCW 9.94A.589(1)(a), two or more offenses constitute the "same criminal conduct" when they "require the same criminal intent, are committed at the same time and place, and involve the same victim." If any of these elements is not present, the offenses are not the same criminal conduct. *State v. Aldana Graciano*, 176 Wn.2d 531, 540, 295 P.3d 219 (2013). And the definition of "same criminal conduct" generally is applied narrowly to disallow most same criminal conduct claims. *Id.*

The defendant bears the burden of establishing that two or more offenses encompass the same criminal conduct. *Id.* at 539. "[E]ach of a defendant's convictions counts toward his offender score *unless* he convinces the court that they involved the same criminal intent, time, place, and victim." *Id.* at 540.

2.    Calculation of Offender Score for Subsequent Conviction

When a trial court in a subsequent case calculates a defendant's offender score, it must address whether any prior offenses constitute the same criminal conduct. Under RCW 9.94A.525(5)(a)(i), this process involves two parts. First, if a previous sentencing court had found that the prior offenses encompassed the same criminal conduct under RCW 9.94A.589(1)(a), that prior determination is binding. RCW 9.94A.525(5)(a)(i); *State v. Johnson*,

3

180 Wn. App. 92, 102-03, 320 P.3d 197 (2014). Second, for any other prior adult offenses for which sentences were served concurrently, the current sentencing court must determine "whether those offenses shall be counted as one offense or as separate offenses using the 'same criminal conduct' analysis found in RCW 9.94A.589(1)(a)." RCW 9.94A.525(5)(a)(i).

We review a sentencing court's determination of whether two offenses encompass the same criminal conduct for an "abuse of discretion or misapplication of law." *Aldana Graciano*, 176 Wn.2d at 537. In this context, a sentencing court abuses its discretion if the record supports only the opposite conclusion. *Id.* at 537-38. "But where the record adequately supports either conclusion, the matter lies in the court's discretion." *Id.* at 538. In addition, a sentencing court abuses its discretion by applying the wrong legal standard. *Johnson*, 180 Wn. App. at 100.

B.     FAILURE TO REGISTER AS A SEX OFFENDER

Valencia argues that his two prior offenses that were sentenced concurrently – failing to register within three days when he moved to Washington in December 2014 and failing to report weekly in transient status in March 2015 – constituted the same criminal conduct. The question here is whether under RCW 9.94A.589(1)(a) these offenses involved the (1) same criminal intent, (2) same time and place, and (3) same victim. *Aldana Graciano*, 176 Wn.2d at 540. The primary issue here is whether Valencia's two offenses occurred at the same time.

1.     Offenses at Different Times

Multiple offenses will be treated as occurring at the same time if they are "part of a continuous, uninterrupted sequence of conduct over a very short period of time." *State v. Porter*, 133 Wn.2d 177, 183, 942 P.2d 974 (1997). On the other hand, multiple offenses do not occur at

the same time if the defendant fails to show that they were continuous, simultaneous, or occurred in a short time frame. *Aldana Graciano*, 176 Wn.2d at 541.

On initial review, it seems clear that Valencia's two offenses occurred at different times. The first offense occurred in December 2014 and Valencia was charged with that offense shortly thereafter. The second offense occurred in March 2015, over two and a half months later. There is no indication that the offenses were continuous, and they did not occur over a short period of time.

2.   Ongoing Course of Conduct Argument

However, Valencia argues that he did not commit separate offenses at all. He claims that his failure to register involved an ongoing course of conduct that constituted a single ongoing offense throughout the period between December 2014 and March 2015.

No Washington case has addressed the application of the RCW 9.94A.589(1)(a) elements to multiple failure to register as a sex offender offenses. Valencia argues by analogy from two double jeopardy cases holding that repeated failures to register constitute a single ongoing and continuing offense rather than multiple offenses. *See State v. Green*, 156 Wn. App. 96, 99-101, 230 P.3d 654 (2010); *State v. Durrett*, 150 Wn. App. 402, 410-11, 208 P.3d 1174 (2009).

In *Durrett*, the defendant was a sex offender who was required to report weekly to the sheriff's office because he had no fixed residence. 150 Wn. App. at 405. He failed to report for two weeks in a row, reported in the next two weeks, and then failed to report again until being arrested seven weeks later. *Id.* The State charged the defendant with two counts of failure to register based on the two separate periods of noncompliance, and he was found guilty of both charges. *Id.*

On appeal, Durrett argued that his two convictions violated double jeopardy because the failure to report was a single criminal act or one unit of prosecution. *Id.* at 405-06. Division One of this court rejected the State's argument that the statutory reporting requirements created a discrete and separate offense each week the defendant failed to report. *Id.* at 409. Instead, the court stated:

> [I]t is reasonable to view the "requirement" to report weekly as an ongoing obligation or duty rather than a collection of discrete actions. Viewed in this manner, the duty to report weekly is more appropriately described as an ongoing course of conduct that may not be divided into separate time periods to support separate charges.

*Id.* The court concluded that "the punishable offense would be a course of conduct – the failure to comply with the ongoing *duty* to report – rather than each separate failure to report." *Id.* at 410.

Applying this unit of prosecution analysis, the court determined that the period of the defendant's failure to report ran from the date of his first failure to report until his arrest. *Id.* at 411. The court stated that the fact that the defendant reported for two weeks in the middle of that period of noncompliance did not subject him to two convictions. *Id.*

In *Green*, the defendant was a sex offender who was required to register every 90 days. 156 Wn. App. at 98. He registered as required in April 2007, but he failed to report again for over a year. *Id.* The State charged the defendant with failing to register, stating the violation date as July 2007. *Id.* After the trial court found the defendant not guilty in September 2008, the State again charged him with failing to register, this time stating the violation date as October 2007. *Id.* The trial court dismissed the second charges on double jeopardy grounds. *Id.*

On appeal, this court addressed the unit of prosecution for a violation of RCW 9A.44.130. *Id.* at 99-100. Relying on *Durrett*, the court stated that "we construe the duty to register every 90 days as creating an ongoing course of conduct that cannot support separate charges." *Id.* at 101. The court concluded that the defendant "committed an ongoing and continuing offense" from the time he first failed to report until he registered again. *Id.*

### 3. Same Criminal Conduct Analysis

We decline to apply *Durrett* and *Green* in our same criminal conduct determination for four reasons.

First, the Supreme Court has repeatedly noted that the same criminal conduct analysis and double jeopardy analysis are distinct inquiries. *State v. Chenoweth*, 185 Wn.2d 218, 222, 370 P.3d 6 (2016). "Under double jeopardy analysis, we determine whether one act can constitute two convictions. Under the same criminal conduct analysis, we determine whether two convictions warrant separate punishments." *Id.* As a result, two convictions that violate double jeopardy might not encompass the same criminal conduct.

Second, *Durrett* and *Green* are factually different than this case because both of those cases involved multiple violations of the *same* reporting requirement. In *Durrett*, the defendant failed multiple times to report weekly in violation of RCW 9A.44.130(6)(b). 150 Wn. App. at 407. In *Green*, the defendant failed multiple times to register every 90 days in violation of RCW 9A.44.130(7). 156 Wn. App. at 98-99. Here, Valencia violated two different reporting requirements: a duty to register after moving to Washington under RCW 9A.44.130(4)(a)(iv) in December 2014 and a duty to report weekly as a transient under RCW 9A.44.130(6)(b) in March 2015. Because these duties were different, the two offenses were different.

7

Third, in *Durrett* and *Green* the defendants violated a *repeating* duty to report under RCW 9A.44.130. A failure to report every week or register every 90 days logically might be considered an ongoing course of conduct. But for Valencia's 2014 offense, he had a duty to register one time within three days of moving to Washington. He had no obligation to register more than once and that duty could be violated only once. It would be incongruous to suggest that Valencia's one time failure to register and his subsequent failure to report weekly were a single ongoing offense.

Fourth, even if an ongoing offense approach was appropriate, there were two intervening events that ended one course of conduct and began another. Valencia was charged with the December 2014 offense before his March 2015 duty arose. And Valencia had a change of residential status from a fixed residence to a transient in February 2015, with a corresponding change in reporting requirements. These intervening events negate a finding that the offenses committed later were part of an ongoing course of conduct.

We distinguish *Durrett* and *Green* and decline to rule that Valencia's two violations constituted a single continuing offense. Instead, Valencia's separate violations occurred at different times. As a result, we hold that the trial court did not abuse its discretion in ruling that Valencia's December 2014 offense and March 2015 offense did not encompass the same criminal conduct.[1]

---

[1] Valencia also cites to *State v. Peterson*, 168 Wn.2d 763, 230 P.3d 588 (2010). In that case, the Supreme Court addressed the elements of the crime of failure to register as a sex offender and whether failure to resister is an alternative means crime where the defendant moved without reporting. *Id.* at 765-67. But *Peterson* does apply here because the court did not address same criminal conduct.

No. 49622-4-II

CONCLUSION

We affirm the trial court's calculation of Valencia's offender score. Accordingly, we affirm Valencia's conviction for failing to register as a sex offender and his sentence.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Regarding Valencia's conviction, we hold that (1) the State presented sufficient evidence to prove that Valencia knowingly failed to register as a sex offender and (2) there is insufficient information in the record to evaluate Valencia's claim in a statement of additional grounds (SAG) that he received ineffective assistance of counsel.

ADDITIONAL FACTS

*2016 Sex Offender Registration Violation*

On April 25, 2016 Valencia was released from jail for an unrelated arrest. He was informed of his duty to register as a sex offender and he signed a form acknowledging this duty.

On May 4, Valencia changed his resident status to transient. He signed a form acknowledging that he was required to report in person to the sheriff's office every Wednesday. The form also stated that if Valencia moved out of Thurston County, he had to give notice to the sheriff's office within three business days. Valencia initialed both provisions.

On May 18, Valencia failed to report in person to the sheriff's office as required. On May 24, Valencia moved to Oregon. He did not notify the Thurston County Sheriff's Office. On June 2, he returned to Thurston County for the day and was booked into jail on unrelated

9

warrants.  The State charged Valencia with a failure to comply with sex offender registration requirements between May 18 and June 1.

*Competency Evaluation*

While awaiting trial, Valencia underwent a mental competency evaluation.  The evaluation noted that Valencia had reported a history of traumatic brain injuries, but stated that there were no indications of symptoms.  The evaluation also noted that Valencia was concerned about ineffective assistance of counsel and that he had a misunderstanding with his attorney about wanting an evaluation for diminished capacity rather than a competency evaluation.

*Bench Trial*

At trial, the State presented Valencia's acknowledgement of his duty to report weekly because of his transient status and the requirement that he give notice to the sheriff's office within three business days after moving to another state.  A legal assistant from the Thurston County Sheriff's Office testified that Valencia had not reported for his mandatory check-ins on May 18 and May 25.  She testified that she talked to Valencia over the telephone and reminded him that he had to report in person every week and clarified that he could not check-in by phone or by mail.  A detective from the sheriff's office testified that Valencia did not report on June 1 and that there was no indication in the file that Valencia had given notice that he had moved to Oregon.

Valencia testified that he understood that he was required to report to the sheriff's office in person every week.  He admitted that he did not appear in person on May 18.  He also admitted that he received a form on May 4, which he signed and initialed, that stated that he had

to give notice within three days if he moved to another state. But he claimed that he also had been told different reporting requirements and deadlines.

The trial court found Valencia guilty of failure to comply with sex offender registration requirements.

## ANALYSIS

A. SUFFICIENCY OF THE EVIDENCE

Valencia argues that the State did not present sufficient evidence to prove that he *knowingly* failed to register as a sex offender. Specifically, he argues that the State did not present evidence that he was aware that he was violating the registration requirements. We disagree.

### 1. Legal Background

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id.* at 106. Credibility determinations are made by the trier of fact and are not subject to review. *State v. McClure*, 200 Wn. App. 231, 234, 402 P.3d 355 (2017).

RCW 9A.44.132(1) states, "A person commits the crime of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130." In this context, the

term "knowingly" relates to the defendant's duty to register, not to the result of failing to register. *See State v. Castillo*, 144 Wn. App. 584, 589-90, 183 P.3d 355 (2008).

The statute does not define the term "knowingly." However, RCW 9A.08.010(1)(b) defines acting with knowledge as either of the following:

> (i) he or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or
> (ii) he or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense.

The definition of knowingly in RCW 9A.08.010(1)(b) applies generally throughout the criminal code. RCW 9A.04.090.

2. Sufficiency Analysis

The evidence was undisputed that Valencia failed to report on May 18, 2016 and that he failed to give notice within three days after he moved to Oregon on May 24. The only issue is whether these were "knowing" failures.

Regarding Valencia's failure to report weekly, the State presented a form Valencia signed on May 4, 2016 acknowledging that he had to report in person on a weekly basis if he ceased to have a fixed residence. Valencia initialed that paragraph, and he confirmed that he read it. He also stated that he understood that he actually had to show up every week at the sheriff's office. And he admitted that he did not show up on May 18.

Regarding his failure to give notice when he moved to Oregon, the State presented the form Valencia signed on May 4, 2016 that stated that he had to give notice within three days if he moved to another state. Valencia initialed that paragraph, and he confirmed that he read it.

And he admitted that this form was more recent than the April 25 form that stated that he had 10 days to give notice.

Valencia testified that he was given conflicting information about his reporting requirements and that he did not understand the requirements. But that testimony was inconsistent with the State's evidence. We must view the evidence in the light most favorable to the State. *Homan*, 181 Wn.2d at 106.

Based on the evidence presented, any rational juror could have found beyond a reasonable doubt that Valencia knowingly failed to register. Accordingly, we hold that there was sufficient evidence to support Valencia's conviction.

B.    SAG CLAIMS

Valencia asserts in his SAG that (1) he received ineffective assistance of counsel because defense counsel did not pursue a theory that Valencia was unable to understand the reporting requirements because he had a traumatic brain injury and a learning disability and (2) the trial court erred in failing to find ineffective assistance when Valencia raised the issue at sentencing.[2]

However, there is no information in the record about the nature and extent of Valencia's brain injury or learning disability, and whether or to what extent those conditions affected his ability to understand the reporting requirements. Therefore, Valencia has not established that defense counsel was deficient in failing to present this evidence or whether that failure caused

---

[2] Valencia also asserts that the trial court violated his due process right by not allowing him to present evidence that his brain injury made him mentally incapable of properly understanding the sex offender registration requirement. However, the court did not disallow this evidence – it was never offered. Therefore, we reject this claim.

No. 49622-4-II

prejudice. Similarly, the record is insufficient to determine if the trial court erred at sentencing regarding this issue. If material facts outside the record exist to support this claim, Valencia's recourse is to file a personal restraint petition. *State v. Estes*, 188 Wn.2d 450, 467, 395 P.3d 1045 (2017).

Accordingly, we decline to address Valencia's ineffective assistance of counsel claim.

CONCLUSION

We affirm Valencia's conviction for failing to register as a sex offender and his sentence.

_Maxa, A.C.J._
MAXA, A.C.J.

We concur:

_Johanson, J._
JOHANSON, J.

_Sutton, J._
SUTTON, J.

14