# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51291-2-II |
| Respondent, | consolidated with No. 51301-3-II |
| v. | UNPUBLISHED OPINION |
| ANDRE TERRELL TAYLOR, | |
| Appellant. | |

MAXA, C.J. – Andre Taylor appeals his convictions of two counts of failure to register as a sex offender and bail jumping. We hold that (1) Taylor's convictions did not violate double jeopardy because they were not part of the same unit of prosecution; (2) the trial court did not err in denying Taylor's motion to dismiss based on his attorneys' failure in previous cases to inform him that he was eligible to seek relief from the duty to register; and (3) as the State concedes, the community custody supervision fee and interest accrual provision included in Taylor's judgments and sentences must be stricken. Accordingly, we affirm Taylor's convictions, but we remand for the trial court to strike the community custody supervision fees and interest accrual provisions from the judgments and sentences.

## FACTS

In 1992, Taylor was convicted of second degree rape in King County. He was a juvenile when he committed the offense. At that time, Taylor was informed that he had an obligation to register as a sex offender for life but that he could petition the trial court for relief from that

obligation. He subsequently was convicted of failure to register as a sex offender in 2004, 2008, 2009, and 2012.

In November 2015, Taylor registered as a transient with the Cowlitz County Sheriff's Office, which required him to check in once a week. Taylor failed to check in as required three times in January 2016. The State charged Taylor with failure to register as a sex offender. He was arrested and placed in custody on January 28, 2016.

In August 2016, the trial court released Taylor from jail. Taylor failed to register with the sheriff's office as required after his release from jail. In October, the State charged Taylor with a second count of failure to register as a sex offender on or about August 28.

Taylor again was arrested and remained in custody until he was released on October 25. Taylor again failed to register with the sheriff's office as required after his release from jail. He was brought back into custody on November 20. The State later filed an amended information on the second count that identified the charging period as between October 11, 2016 and November 20, 2016.

In November, Taylor also failed to appear at a scheduled court proceeding. The State charged him with bail jumping under a separate cause number.

Taylor filed a motion to dismiss all the charges based on various court rules and constitutional provisions. He claimed that he had been advised that he was required to register as a sex offender for life when in fact he was eligible to petition for relief from the registration requirement before all of his previous failure to register convictions. He claimed that state officials had lied to him about his duty to register and that he had received ineffective assistance of counsel during his previous failure to register cases. The trial court denied this motion.

After a stipulated facts trial, the trial court found Taylor guilty of the two failure to register charges under various provisions of RCW 9A.44.130 and RCW 9A.44.132(1)(b). The court also found Taylor guilty of bail jumping. As part of his sentence in both cases, the trial court ordered Taylor to pay supervision fees as determined by the Department of Corrections (DOC) while he was on community custody and a crime victim penalty assessment. The judgments and sentences also contained a provision stating that the legal financial obligations (LFOs) imposed would bear interest until payment in full.

Taylor appeals his convictions and the imposition of the community custody supervision fees and interest accrual provision.

ANALYSIS

A. DOUBLE JEOPARDY

Taylor claims that his two convictions for failing to register as a sex offender violate the double jeopardy clause because they were part of a single unit of prosecution. We disagree.

1. Legal Principles

The Fifth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution prohibit double jeopardy. This prohibition includes that a person cannot receive multiple punishments for the same offense. *State v. Villanueva–Gonzalez*, 180 Wn.2d 975, 980, 329 P.3d 78 (2014). Determining whether Taylor's convictions constitute multiple punishments for the same offense requires determination of legislative intent and presents a question of statutory interpretation. *Id*. When a defendant has multiple convictions under the same statutory provision, as here, we apply the "unit of prosecution" analysis that asks what act or course of conduct the legislature has defined as the punishable act. *Id.* at 980-81. We review alleged violations of double jeopardy de novo. *Id.* at 979-80.

2.  Analysis

Two cases address double jeopardy in the context of a failure to register as a sex offender. In *State v. Durrett,* the defendant was a sex offender who had an obligation to report weekly to the sheriff's office because he was transient. 150 Wn. App. 402, 405, 208 P.3d 1174 (2009). He failed to report for two weeks in a row, reported in the next two weeks, and then failed to report again until being arrested. *Id.* The State charged the defendant with two counts of failure to register based on the two separate periods of noncompliance, and he was found guilty of both charges. *Id.*

The court held that the two convictions violated double jeopardy because they involved only one unit of prosecution. *Id.* at 404. The court stated that the duty to report weekly "is more appropriately described as an ongoing course of conduct that may not be divided into separate time periods to support separate charges." *Id.* at 409. Therefore, the court concluded that the unit of prosecution was the "course of conduct – the failure to comply with the ongoing *duty* to report – rather than each separate failure to report." *Id.* at 410. The court stated that the failure to report course of conduct began on the date the defendant first failed to report and ended when he was arrested. *Id.* at 411.

In *State v. Green*, the defendant was a sex offender who had an obligation to report every 90 days. 156 Wn. App. 96, 98, 230 P.3d 654 (2010). He registered once in April 2007 but failed to report again for over one year. *Id.* The State charged him with failing to report in July 2007 and the trial court found him not guilty. *Id.* The State then charged him with failing to report in October 2007 and the trial court dismissed the second charge on double jeopardy grounds. *Id.*

This court affirmed. *Id.* at 102. Relying on *Durrett*, the court "construe[d] the duty to register every 90 days as creating an ongoing course of conduct that cannot support separate

charges." *Green*, 156 Wn. App. at 101. The court concluded that the defendant "committed an ongoing and continuing offense" from the time he first failed to report until he registered again. *Id.* The court stated that "[t]he State may file another charge for new failure to register conduct, so long as the continuing course of conduct of a prior failure to register has ended." *Id.*

This case is different than *Durrett* and *Green* because Taylor was arrested and placed in custody based on his first charge of failure to register. His second charge related to his failure to register after his release from custody on the first charge. Under *Durrett*, Taylor's failure to report course of conduct began on the date he first failed to report and ended when he was arrested. *See* 150 Wn. App. at 411. Therefore, when he was released from custody and failed to report again, the first course of conduct had ended and a new course of conduct had begun. As stated in *Green*, the State could file a new failure to report charge because the continuing course of conduct of the prior failure to register had ended. 156 Wn. App. at 101.

Taylor's two convictions arose from discrete time periods interrupted by arrest and confinement. Accordingly, we hold that the convictions do not violate double jeopardy.

B.    DENIAL OF MOTION TO DISMISS

Taylor argues that the trial court erred in denying his motion to dismiss. He claims that dismissal of all charges was appropriate because (1) the attorneys that represented him for his four previous failure to register convictions provided ineffective assistance of counsel by failing to inform him that he could have petitioned the court to be relieved of his duty to register and (2) if he had known that he could have petitioned he would have been relieved of his duty to register and his current convictions (including the bail jumping conviction) would not have happened. We reject this claim.

1.    No Legal Basis for Dismissal

Taylor asserts that he was entitled to a dismissal of his charges under CrR 7.8(b)(5), which allows for relief from a judgment for "[a]ny other reason justifying relief from the operation of the judgment." He argues that the ineffective assistance of previous counsel is a reason for providing relief from a judgment. However, CrR 7.8(b)(5) clearly is inapplicable here because Taylor's motion was to dismiss the charges against him before trial. At that point, there was no judgment from which the trial court could have provided relief.

Taylor also generally argues ineffective assistance of counsel, which can be the basis for reversing a conviction. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). But Taylor provides no authority for the proposition that ineffective assistance of counsel in a *prior* failure to register case requires dismissal of charges in a *subsequent* failure to register case. We reject Taylor's argument that the trial court erred in denying his motion to dismiss.

2.    Ineffective Assistance of Counsel

In any event, Taylor's ineffective assistance of counsel claim has no merit. To prevail on an ineffective assistance claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced the defendant. *Estes*, 188 Wn.2d at 457-58. Significantly, in evaluating an effective assistance of counsel claim, we can consider only facts contained in the record. *State v. Linville*, 191 Wn.2d 513, 525, 423 P.3d 842 (2018). We cannot determine if an ineffective assistance of counsel claim has merit if the record is insufficient to make this determination. *See id.* at 524-25.

Here, Taylor's prior failure to register convictions were in 2004, 2008, 2009, and 2012. Before each of those convictions, Taylor had been eligible to petition the court for relief from his duty to register if he met certain requirements based on clear and convincing evidence. Former

6

RCW 9A.44.140(3)(2002) (applicable to the first three convictions); former RCW 9A.44.143 (2011) (applicable to the 2012 conviction).

We assume without deciding that Taylor's previous attorneys were deficient in failing to inform him of his ability to petition for relief from his duty to register as a sex offender. Regarding prejudice, Taylor argues that if his attorneys had informed him of his ability to petition for relief from his duty to register, it is reasonable to assume that he would have obtained such relief before he was charged with his current offenses. But this claim is speculative.

First, when Taylor was convicted of second degree rape in 1992, he was informed in writing of his right to petition for relief from the duty to register. Despite being so informed, Taylor never petitioned for relief. Second, Taylor has presented no evidence to show that he could have satisfied the statutory requirements to be relieved from his duty to register or that a court would have granted his petition for relief. Therefore, the record is insufficient to show that any deficient performance prejudiced Taylor.

We reject Taylor's ineffective assistance of counsel claim.

C.    LFO PROVISIONS

Taylor argues, and the State concedes, that the community custody supervision fee and interest accrual provision included in Taylor's judgment and sentence must be stricken.[1] We agree.

In 2018, the legislature amended RCW 10.01.160(3), which now provides that discretionary LFOs cannot be imposed on a defendant who is indigent at the time of sentencing as defined in RCW 10.101.010(3)(a)-(c). The legislature also amended RCW 10.82.090, which

---

[1] In the table of contents of his supplemental brief, Taylor references the imposition of a DNA collection fee. However, he makes no argument on that issue, so we do not address it.

now states that no interest will accrue on nonrestitution interest after June 7, 2018, and that the trial court shall waive nonrestitution interest that had accrued before June 7, 2018. RCW 10.82.090(1), (2)(a). The 2018 amendments to the LFO statutes apply prospectively to cases that were pending on direct appeal from the judgment and sentence when the amendments took effect. *State v. Ramirez*, 191 Wn.2d 732, 747-49, 426 P.3d 714 (2018).

The community custody supervision fee is a discretionary LFO. *State v. Lundstrom*, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018). The trial court found Taylor indigent at sentencing. Therefore, under RCW 10.01.160(3) the community custody supervision fee must be stricken. Further, under RCW 10.82.090(1) and (2)(a) the interest accrual provision must be stricken.

## CONCLUSION

We affirm Taylor's convictions, but we remand for the trial court to strike the community custody supervision fees and interest accrual provisions from the judgments and sentences.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

MELNICK, J.

SUTTON, J.