IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38334-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| NATHAN RAY BAKER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Nathan Ray Baker appeals his conviction for failing to register as a sex offender. We affirm.

BACKGROUND

Mr. Baker was released from prison on July 14, 2020, after serving a sentence for a sex offense. Prior to his release, Mr. Baker signed a sex offender registration notification, informing him he needed to register as a sex offender within 72 hours of his release. Mr. Baker was also required to report to a Department of Corrections (DOC) field office on July 15. Mr. Baker did not provide the DOC with a release address, instead he was released as homeless to Stevens County.

Mr. Baker did not report to the DOC as required on July 15 and a warrant was issued for his arrest. A DOC officer assigned to Mr. Baker's case contacted employees at the sheriff's offices in Spokane and Stevens counties to inquire as to whether Mr. Baker had

registered as a sex offender in either county. Both counties reported Mr. Baker had not

registered. The warrant remained active until Mr. Baker turned himself in to a DOC office in

Spokane on August 10. The State charged Mr. Baker with failure to register as a sex

offender.

At trial, the State called the DOC officer assigned to Mr. Baker's case. The officer

testified about Mr. Baker's failure to report and the issuance of a DOC warrant. The State

also called witnesses from the sheriff's offices in Spokane and Stevens counties who

testified Mr. Baker had not registered as a sex offender in any of Washington's 39

counties, including Stevens and Spokane.

The court then provided the jury with instructions. Jury instruction 8 was the to-

convict instruction, which outlined three elements of the offense:

1. Prior to July 14, 2020, [Nathan Baker] was convicted of a sex offense;

2. That due to that conviction, [Nathan Baker] was required to register in
   the State of Washington as a sex offender between July 14, 2020 and
   August 6, 2020; and

3. That during that time period, [Nathan Baker] knowingly failed to
   comply with a requirement of sex offender registration.

Clerk's Papers at 41. Mr. Baker entered a stipulation to certain facts, which included

admitting to the first two elements in jury instruction 8. The registration requirements

contemplated by the third element were set forth in jury instruction 9:

A person who is required to register as a sex offender must comply with certain requirements of registration, including the following:

1. The requirement that [Nathan Baker], who was in custody for a sex offense, register with the county sheriff for the county of residence within three business days of release from a facility operated by the state department of corrections.

2. The requirement that [Nathan Baker], lacking a fixed residence and under the supervision of the [DOC], register with the county sheriff of the county of Mr. Baker's supervision.

*Id*. at 42.

The court did not instruct the jury that it had to unanimously agree as to the two theories of liability outlined in jury instruction 9. The jury convicted Mr. Baker of one count of failure to register and the court sentenced him to 84 months of confinement.

Mr. Baker timely appeals.

## ANALYSIS

*Right to unanimous verdict*

Mr. Baker argues jury instruction 9 presented the jury with multiple theories of liability in violation of his right to a unanimous verdict. This is an issue of law, reviewed de novo. *State v. Lee*, 12 Wn. App. 2d 378, 393, 460 P.3d 701 (2020).

We disagree with Mr. Baker that his case raises unanimity problems. This case involved only one ongoing criminal act—failing to register as a sex offender. The crime

began shortly after Mr. Baker's release from custody and continued until he belatedly reported to a DOC office in August 2020. *See State v. Green*, 156 Wn. App. 96, 101, 230 P.3d 654 (2010). The specifics concerning where and when Mr. Baker was required to register turned on where he was living and whether he had a fixed residence. But "[t]he fact that different deadlines may apply," does not change the singular aspect of the defendant's conduct, moving "without alerting the appropriate authority." *State v. Peterson*, 168 Wn.2d 763, 770, 230 P.3d 588 (2010). Because Mr. Baker's case does not involve multiple acts giving rise to the same criminal violation, the court's instructions were appropriate and Mr. Baker has not established a violation of his right to a unanimous verdict. *See State v. Espinoza*, 14 Wn. 2d 810, 815, 474 P.3d 570 (2020) (where a single criminal act serves as the basis for a crime, a unanimity instruction is unnecessary).

*Assistance of counsel*

Mr. Baker argues his trial attorney rendered ineffective assistance by failing to object to testimony from the DOC officer that Mr. Baker failed to appear at the DOC field office on July 15 as ordered. Mr. Baker points out that the failure to appear on July 15 was not part of his offense conduct and therefore constituted an inadmissible bad act under ER 404(b). According to Mr. Baker, his attorney was ineffective for failing to make an ER 404(b) objection.

4

Criminal defendants are afforded the right to effective assistance of counsel by the Sixth Amendment to the United States Constitution and article I, section 22, of the Washington Constitution. *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Thomas*, 109 Wn.2d 222, 225-26, 229, 743 P.2d 816 (1987). To establish ineffective assistance of counsel, Mr. Baker must show both deficient performance and resulting prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Mr. Baker has not established either.

First, the failure to assert an ER 404(b) objection was not deficient, as the evidence was likely admissible as evidence of knowledge and *res gestae*. The testimony explaining Mr. Baker's failure to appear for his DOC appointment tended to show Mr. Baker was purposefully absconding from authority, thus suggesting his failure to register was done knowingly, not out of confusion or mistake. The evidence also explained why the authorities began looking for Mr. Baker and what steps were taken to ascertain his whereabouts. Had defense counsel objected to the DOC officer's testimony under ER 404(b), the objection likely would have been overruled.

Second, the admission of the DOC officer's testimony was not prejudicial. Mr. Baker stipulated that had been convicted of a sex offense and was required to register as a sex offender after his release from confinement on July 14, 2020. The uncontested

trial evidence showed Mr. Baker did not make any effort at registration until August 10, 2020, a date outside any potentially applicable registration deadline. The fact that Mr. Baker failed to appear at the DOC on July 15 as ordered did not lend itself to any negative assumptions about Mr. Baker's character beyond what was already before the jury. Even if the DOC officer's testimony had been improper, it was not sufficiently prejudicial to undermine our confidence in the jury's verdict.

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, J.

_____
Staab, J.