# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59226-6-II |
| Appellant, | |
| v. | |
| JACOB ALEXANDER SLOAN-HERB, | UNPUBLISHED OPINION |
| Respondent. | |

MAXA, P.J. – The State appeals the trial court's order granting Jacob Sloan-Herb's CrR 7.8 motion for a new sentence for his 2017 first degree child molestation conviction, which occurred when he was a juvenile. In 2023, Sloan-Herb filed a CrR 7.8 motion, arguing that in 2017 the trial court failed to consider the mitigating characteristics of his youth when sentencing him as now required by *State v. Houston-Sconier*s, 188 Wn.2d 1, 391 P.3d 409 (2017). He further argued that *Houston-Sconier*s was a retroactive change in the law that provided an exception to the one year time bar on his collateral attack. The trial court granted his motion and ordered that he be resentenced.

We hold that Sloan-Herb's CrR 7.8 motion is time barred because he established only a violation of *Houston-Sconiers*'s procedural rule in his case, which does not apply retroactively

on collateral review, and not a violation of *Houston-Sconiers*'s substantive rule prohibiting

disproportionate sentences for juveniles due to diminished culpability.[1]

Accordingly, we reverse the trial court's order granting Sloan-Herb's CrR 7.8 motion and

vacating his 2017 judgment and sentence.

## FACTS

In 2017, Sloan-Herb pleaded guilty to first degree child molestation.[2]  Sloan-Herb was 17

years old at the time.  As part of his plea, Sloan-Herb acknowledged two prior convictions for

first degree child molestation and first degree child rape.  The parties jointly recommended a

sentence of 98 months, the low end of the standard sentencing range.

At sentencing, the trial court did not consider any mitigating factors related to Sloan-

Herb's youth.  And rather than accept the joint recommendation, the court stated that it would

sentence Sloan-Herb to 130 months, the high end of the standard range.  The court stated:

> I believe it's appropriate for many, many reasons. . . .  You are clearly at risk and a
> danger to our children. . . .
>
> [T]he only way I can see to fix it, is for you to get some serious, serious in prison
> treatment to find out what's going on and why this is happening. . . .  [B]ecause it's
> clear, if I let you walk out the door today, there'd be another couple victims
> tomorrow, and then my real worry is that nobody would tell those families you got
> a problem. . . .  [I]n my estimation, right now as you sit here today, you are a serial
> child molester and if I let you out this door today, it would happen again.

Clerk's Papers (CP) at 135-36.

The trial court entered a judgment and sentence imposing 130 months in confinement for

child rape.  Sloan-Herb did not file a direct appeal of his judgment and sentence.

---

[1] Because of this holding, we do not address the State's other argument that Sloan-Herb failed to show actual and substantial prejudice.

[2] Sloan-Herb also pleaded guilty to communication with a minor for immoral purposes, a misdemeanor.  He did not challenge his sentence for that conviction.

In December 2023, Sloan-Herb filed a motion under CrR 7.8 to vacate his judgment and to seek resentencing. He argued that he was entitled to resentencing under *Houston-Sconiers* because the trial court did not consider the mitigating qualities of youth at his 2017 sentencing hearing. He also argued that the one year time bar did not apply to his motion because *Houston-Sconiers* was a significant change in the law that applied retroactively.

On the merits, Sloan-Herb's only argument was as follows:

> Here, the sentencing court did not consider the mitigating qualities of youth because none was presented. As an offer of proof, if granted a new sentencing Mr. Sloan-Herb will not only present evidence that this crime was the product of judgment impaired, at least in part, due to his still immature brain. Perhaps more importantly, he will show that he has made significant rehabilitative strides. He will demonstrate positive change.

CP at 64. Sloan-Herb did not argue that his sentence constituted disproportionate punishment.

The State opposed the motion. The State argued that Sloan-Herb's motion was time barred because *Houston-Sconiers*'s procedural rule requiring courts sentencing juveniles to consider the mitigating qualities of youth did not apply retroactively. The State also argued that Sloan-Herb could not show actual and substantial prejudice.

The trial court ruled that Sloan-Herb's motion was not time barred because "the procedural rule of *Houston-Sconiers*, . . . which requires courts to meaningfully consider the mitigating qualities of youth at the time of sentencing, is a retroactive change in the law." CP at 180. Regarding prejudice, the court's order stated,

> [I]t would not have been possible at the time of Sloan-Herb's sentencing for the sentencing court to fully consider the mitigating qualities of youth had such an argument been made. [Sloan-Herb] has shown that the mitigating qualities of youth *could* have impacted Sloan-Herb's sentence.

CP at 181 (emphasis added). Accordingly, the trial court entered an order granting the CrR 7.8 motion, vacating Sloan-Herb's judgment and sentence, and ordering a new sentencing hearing.

The State appeals the trial court's order granting Sloan-Herb's CrR 7.8 motion.

ANALYSIS

A.    STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision on a CrR 7.8 motion. *State v. Frohs*, 22 Wn. App. 2d 88, 92, 511 P.3d 1288 (2022). Application of the wrong legal standard is an abuse of discretion. *State v. Valencia*, 2 Wn. App. 2d 121, 126, 416 P.3d 1275 (2018).

B.    CRR 7.8 PRINCIPLES

CrR 7.8 permits a criminal defendant to seek relief from a judgment or order. CrR 7.8 is a form of collateral attack on a judgment and sentence because it is a form of postconviction relief other than a direct appeal. RCW 10.73.090(2).

CrR 7.8 has specific procedures for vacating a judgment. CrR 7.8(c)(2) states that a trial court must transfer a CrR 7.8 motion to the Court of Appeals to be considered as a personal restraint petition unless the trial court determines that "the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing."

RCW 10.73.090(1) states that a defendant may not collaterally attack a facially valid judgment and sentence "more than one year after the judgment becomes final" unless one of the exceptions in RCW 10.73.100 applies. Under RCW 10.73.100(7),[3] the one year time bar does not apply if the collateral attack is based on (1) a significant change in the law, (2) that is material to the conviction or sentence, and (3) that has been determined to apply retroactively either by the legislature or courts. *See State v. Willyard*, 3 Wn.3d 703, 710, 555 P.3d 876 (2024).

---

[3] Before 2024, this exception was located in RCW 10.73.100(6). We cite to the current version.

C.     TIME BAR FOR *HOUSTON-SCONIERS* VIOLATIONS

The State argues that the trial court erred in granting Sloan-Herb's CrR 7.8 motion because it was time barred.  We agree.

1.   Legal Principles

The Supreme Court has clarified that *Houston-Sconiers* announced both substantive and procedural rules.  *In re Pers. Restraint of Hinton*, 1 Wn.3d 317, 328-29, 525 P.3d 156 (2023); *In re Pers. Restraint of Williams*, 200 Wn.2d 622, 630-31, 520 P.3d 933 (2022).  The substantive rule is that "courts may not impose 'certain adult sentences . . . on juveniles who possess such diminished culpability that the adult standard SRA[4] ranges and enhancements would be disproportionate punishment.' "  *Hinton*, 1 Wn.3d at 328-29 (quoting *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 239, 474 P.3d 507 (2020)).  This substantive rule is retroactive on collateral review.  *Williams*, 200 Wn.2d at 630.

To implement the substantive rule, *Houston-Sconiers* adopted a mechanism to guide sentencing courts: " 'sentencing courts must consider the mitigating qualities of youth and have discretion to impose sentences below what the SRA mandates.' "  *Hinton*, 1 Wn.3d at 329 (quoting *Ali*, 196 Wn.2d at 237); *see also Williams*, 200 Wn.2d at 630.  This mechanism is a procedural rule that is not retroactive on collateral review.  *Hinton*, 1 Wn.3d at 329.

In *In re Personal Restraint of Carrasco*, the Supreme Court again stated that the procedural rules of *Houston-Sconiers* are not retroactive.  1 Wn.3d 224, 233, 525 P.3d 196 (2023).  The court confirmed that the procedural rules are designed only to implement the substantive rule that "the imposition of adult standard SRA ranges and/or enhancements is a disproportionate punishment for *juveniles with diminished culpability*."  *Id.* at 237.  Therefore,

---

[4] Sentencing Reform Act of 1981, chapter 9.94A RCW.

"[a] violation of that procedural right does not lead to the conclusion that Carrasco is serving an unconstitutional sentence under the Eighth Amendment." *Id.* The court noted that "Carrasco does not argue that his substantive constitutional rights . . . were violated. Specifically, Carrasco does not argue that he is a 'juvenile with diminished culpability' serving a disproportionate adult standard SRA range sentence." *Id.*

Here, the trial court erred when it concluded that Sloan-Herb's CrR 7.8 motion was not time barred because *Houston-Sconiers*'s procedural rule applied retroactively. Even though the State cited *Hinton*, *Williams, Carrasco* and other cases to support its argument that the procedural rule was not retroactive, the court erroneously disregarded those cases.

2. Analysis

The State concedes that there was a procedural violation of *Houston-Sconiers* during Sloan-Herb's 2017 sentencing hearing because the trial court did not consider the mitigating qualities of Sloan-Herb's youth. But in order to avoid the one year time bar, Sloan-Herb had the burden of showing that this procedural violation led to a violation of *Houston-Sconiers*'s substantive rule. *See Williams*, 200 Wn.2d at 630-31. Accordingly, Sloan-Herb had to show that he possessed such diminished culpability at the time of his offense that the trial court's failure to consider his youth or exercise its discretion of imposing a lower sentence resulted in a standard range sentence that constituted disproportionate punishment. *See Hinton*, 1 Wn.3d at 328-29.

Sloan-Herb did not meet this burden. He failed to even argue in his CrR 7.8 motion that his sentence constituted disproportionate punishment. As in *Carrasco*, he did not argue that "he is a 'juvenile with diminished culpability' serving a disproportionate adult standard SRA range sentence." 1 Wn.3d at 237. Instead, Sloan-Herb argued only that the trial court in 2017 violated

6

the *Houston-Sconiers* procedural rule by failing to account for the mitigating qualities of his youth.

As discussed above, *Houston-Sconiers*'s procedural rule does not apply retroactively on collateral review. *Hinton*, 1 Wn.3d at 329. Therefore, RCW 10.73.100(7) is inapplicable and Sloan-Herb's CrR 7.8 motion was time barred.

We hold that the trial court abused its discretion when it determined that Sloan-Herb's motion was not time barred.

CONCLUSION

We reverse the trial court's order granting Sloan-Herb's CrR 7.8 motion and vacating his 2017 judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

GLASGOW, J.

CHE, J.